**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY | * | |
| TRUTH IN LENDING ACT FAMILY RIDER | * | |
| LITIGATION | * | MDL CASE NO. 07 CV 06543 |
| | * | |
| _____ | * | Lead Case No. 05-cv-07097 |
| | * | |
| THIS DOCUMENT RELATES TO | * | Centralized before |
| | * | Judge Wayne R. Anderson |
| U.S.D.C. Eastern District of Wisconsin | * | |
| Civil Action No. 07-C-0272 CNC | * | |
| | * | |

*******************************************

## LONG BEACH'S 12(B)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Washington Mutual Bank, f/k/a Long Beach Mortgage Company ("Long Beach"), moves this Court to dismiss, with prejudice, both claims asserted in this case by Kenneth Mason and Julia Watkins ("Plaintiffs"). In support of its motion, Long Beach states as follows:

1.      The claims asserted by Plaintiffs in this case arise from a mortgage loan that Plaintiffs obtained from Long Beach in September 2005. (Cmplt. ¶ 8). Plaintiffs claim that Long Beach provided Plaintiffs incomplete copies of the Notice of Right to Cancel. (*Id.* ¶ 11). Based on this allegation, Plaintiffs assert a rescission claim under the Truth in Lending Act ("TILA"), which is Count I of their Complaint. (*Id.* ¶¶ 16-22).

2.      In addition to this rescission claim, Plaintiffs also assert a 1-4 Family Rider claim (Count II), which alleges that the rider executed as part of their mortgage loan created a security interest in their personal property that should have been disclosed under TILA. (*Id.* ¶¶ 23-28). Plaintiffs expressly acknowledge that their 1-4 Family Rider claim would put them within a

pending putative class action, captioned *Navara v. Long Beach Mortgage Company, et al.*, U.S.D.C., N.D. Ill., No. 05 C 00864 (*id.* ¶ 25), brought by the same law firm representing Plaintiffs in this case. In this proceeding, Plaintiffs seek to exclude themselves from the putative *Navara* class claim. (*Id.*).

3.     Plaintiffs' 1-4 Family Rider claim (Count II) should be dismissed as that claim is time-barred by the applicable statute of limitations. By seeking to exclude themselves from the *Navara* action prior to a ruling on class certification, Plaintiffs are not entitled to the benefit of any tolling principles. Moreover, even if the Court were to determine that Plaintiffs timely asserted their 1-4 Family Rider claim, the Court should still dismiss that claim as Long Beach was not required to disclose the incidental interests set forth in the rider.

4.     The rescission claim asserted by Plaintiffs should be dismissed because Plaintiffs signed properly dated copies of the Notice of Right to Cancel for their mortgage loan and thus they do not have the right to rescind that loan.

5.     The reasons in support of Long Beach's motion are set forth more fully in the accompanying memorandum in support.

WHEREFORE, Long Beach respectfully requests that this Court grant this motion and dismiss, with prejudice, all claims asserted by Plaintiffs in this proceeding.

Dated: December 27, 2007

Respectfully submitted,

WASHINGTON MUTUAL BANK f/k/a
LONG BEACH MORTGAGE COMPANY

/s/ Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Gabriel A. Crowson
321 N. Clark Street, Suite 3400
Chicago, IL 60610
Telephone: (312) 595-1239
Facsimile: (312) 595-2250
Email:  neumeierm@howrey.com
        schuttes@howrey.com
        crowsong@howrey.com

## CERTIFICATE OF SERVICE

I, Gabriel A. Crowson, hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF case management system this 27th day of December, 2007.

/s/ Gabriel A. Crowson
Gabriel A. Crowson