**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | )<br>)<br>) | MDL 07 cv 06543 |
| _____ | )<br>)<br>) | |
| THIS DOCUMENT RELATES TO NAVARA & STINSON, JEUNE, SULLIVAN, & SHELTON | )<br>)<br>)<br>) | Centralized before Judge Wayne R. Andersen |
| | ) | |

## CONSOLIDATED CLASS ACTION COMPLAINT

### INTRODUCTION

1.  Plaintiffs, Guadalupe Navara, Albert Stinson, Eric Shelton, Mirlaine Jeune, and Charlene Sullivan (collectively, "Plaintiffs"), on behalf of others similarly situated[1], by and through their attorneys, hereby complain against defendant Long Beach Mortgage Company ("Long Beach") for violations of the Truth in Lending Act ("TILA") and state as follows:

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendant does business in the District and is deemed to reside here.

### PARTIES

3.  Plaintiff Guadalupe Navara owns and resides in a home at 2715 S.

---

[1] This Complaint expressly excludes all individual claims, per the Agreed Order on Case Management, p. 2, Jan. 15, 2008. ("The consolidated class complaint will not contain any plaintiff's individual allegations or claims. . . . Plaintiffs' currently pending complaints shall continue to operate only as to the individual claims they assert.")

Kostner, Chicago, IL 60623.

4. Plaintiff Albert Stinson owns and resides in a home at 5402 S. Shields, Chicago, IL 60609.

5. Plaintiff Eric Shelton is a resident of Chicago, Ill.

6. Plaintiff Charlene Sullivan resides in a home that she jointly owns with Lawrence Balmforth at 190 Littlefield Street, Pawtucket, Rhode Island.

7. Plaintiff Mirlaine Jeune owns and resides in a home at 279 W. Elm Street, Brockton, Mass.

8. Defendant Long Beach is a Delaware corporation with its principal place of business at 1400 S. Douglas Road, Suite 100, Anaheim, CA 92806. It is a "subprime" mortgage lender authorized to do business in Illinois and has an office at 1300 E. Woodfield Road, 6th floor, Schaumburg, IL 60173.

## FACTS RELATING TO PLAINTIFF NAVARA

9. On April 29, 2004, plaintiff Guadalupe Navara obtained a $50,000 mortgage loan, secured by her residence, from Long Beach Mortgage Company.

10. Plaintiff Guadalupe Navara obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

11. The following are documents relating to the Navara loan:

    a. Mortgage, Exhibit A;

    b. Financial disclosure statement under TILA, Exhibit B;

    c. A 1-4 Family Rider to the mortgage, Exhibit C.

## FACTS RELATING TO ALBERT STINSON

12. On April 12, 2006, plaintiff Albert Stinson obtained two mortgage loans from Long Beach, for the purpose of financing the purchase of his prospective residence at 5402 S. Shields, Chicago, IL 60609. The building contains two units.

13. Plaintiff Albert Stinson obtained the loans for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

14. The following are documents relating to the first Stinson loan:

   a. Mortgage, Exhibit D;

   b. Financial disclosure statement under TILA, Exhibit E;

   c. A 1-4 Family Rider to the mortgage, Exhibit F.

15. The following are documents relating to the second Stinson loan:

   a. Mortgage, Exhibit G;

   b. Financial disclosure statement under TILA, Exhibit H;

   c. A 1-4 Family Rider to the mortgage, Exhibit I.

**FACTS RELATING TO ERIC SHELTON**

16. On July 12, 2005, plaintiff Eric Shelton obtained a mortgage loan from Long Beach for the purpose of financing the purchase of a two-unit building at 6800 S. Artesian, Chicago, Ill.

17. Plaintiff Eric Shelton obtained the loan for personal, family or household purposes.

18. The following are documents relating to the Shelton loan:

   a. Financial disclosure statement under TILA, Exhibit J;

   b. A 1-4 Family Rider to the mortgage, Exhibit K.

## FACTS RELATING TO CHARLENE SULLIVAN

19. On or about July 25, 2005, Plaintiff Charlene Sullivan obtained a loan from Long Beach to refinance her residence.

20. Plaintiff Charlene Sullivan obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

21. The following are documents relating to the Sullivan loan:

    a. Mortgage, Exhibit L;

    b. Financial disclosure statement under TILA, Exhibit M;

    c. A 1-4 Family Rider, Exhibit N.

## FACTS RELATING TO MIRLAINE JEUNE

22. On or about November 1, 2005, plaintiff Mirlaine Jeune obtained two loans from Long Beach for the purpose of refinancing his residence.

23. Plaintiff Mirlaine Jeune obtained the loans for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

24. The following are documents relating to the first Jeune loan:

    a. Mortgage, Exhibit O.

    b. Financial disclosure statement under TILA, Exhibit P;

    c. Two 1-4 Family Riders, Exhibit Q.

25. The following are documents relating to the second Jeune loan:

    a. Mortgage, Exhibit R;

    b. Financial disclosure statement under TILA, Exhibit S;

    c. Two 1-4 Family Riders, Exhibit T.

## COUNT I -- TILA

26.     Plaintiffs Navara, Stinson, Shelton, and Sullivan incorporate paragraphs 1-6 and 8-21.

27.     The "1-4 Family Rider" creates a security interest in personal property that is not part of the real estate.

28.     No such security interest is disclosed on any of the plaintiffs' Truth in Lending disclosures.

29.     The non-disclosure on the plaintiffs' and class members' Truth in Lending statements of the security interests in personal property created by the 1-4 Family Riders violates 15 U.S.C. § 1637 and 12 C.F.R. § 226.18.

## CLASS ALLEGATIONS

30.     Plaintiffs Navara, Stinson, Shelton, and Sullivan bring this claim on behalf of a class.  The class consists of (a) all natural persons (b) who signed a mortgage with Long Beach in any state excluding Massachusetts, (c) that takes a security interest in personal property by means of a one-to-four-family rider not limited to fixtures, (d) on or after Feb. 11, 2004 (one year prior to the original filing of the Navara action on Feb. 11, 2005).

31.     The class members are so numerous that joinder is impracticable.  There are more than 16,000 members of the class.

32.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether the failure to disclose the security interest violated TILA.

33.     Plaintiffs' claim is typical of the claims of the class members.  All are based

on the same factual and legal theories.

33. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible for most class members. Even if they were, there is no reason to have multiple lawsuits presenting the same issue. Furthermore, defendant Long Beach continued using the improper form and disclosures after it had been sued and after FNMA had issued a new form. Classwide liability is necessary to induce Long Beach to conform to TILA.

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and,

    c.    Such other or further relief as the Court deems proper.

## COUNT II - MCCDA

36. Plaintiff Jeune incorporates paragraphs 1, 2, 7, 8, and 22-25.

37. The "1-4 Family Rider" creates a security interest in personal property that is not part of the real estate.

38. No such security interest is disclosed on any of the plaintiffs' Truth in Lending disclosures.

39. The Truth in Lending statement issued to plaintiff Jeune and each member of the class described below violates the MCCDA entitling plaintiff and the class members to damages.

**CLASS ALLEGATIONS**

40.     Plaintiff Jeune brings this claim on behalf of a class. The class consists of (a) all natural persons (b) who signed a residential mortgage loan in the state of Massachusetts secured by real estate containing 1 or 2 dwelling units located in Massachusetts with Long Beach (c) that takes a security interest in personal property by means of a one-to-four-family rider not limited to rents, (d) in a transaction documented as one subject to TILA and/or the MCCDA (e) where the Truth in Lending statement does not disclose the security interest in personal property created by the Rider (f) whose loan files show that they live in the real estate (g) on or after May 19, 2002 (four years prior to the original filing of the Jeune (Carye) action on May 19, 2006).

41.     The class members are so numerous that joinder of all members is impractical. Upon information and belief, there are more than 200 members of the class.

42.     There are questions of law and fact common to the class members, which common questions predominate over any questions involving only individual class members. The predominant common question is whether the class members' disclosures were defective under the MCCDA.

43.     Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

44.     Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the MCCDA.

45.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible for most class members. Even if they were,

there is no reason to have multiple lawsuits presenting the same issue.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff Jeune and the class and against defendant Long Beach Mortgage Company, for:

    a.    Statutory damages as authorized under the MCCDA;

    b.    Attorney's fees, litigation expenses and costs; and,

    c.    Such other or further relief as the Court deems appropriate.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

s/Christopher Lefebvre
Christopher Lefebvre

s/Lloyd J. Brooks
Lloyd J. Brooks

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862

(401) 728-6060
(401) 728-6534 (FAX)

Lloyd J. Brooks
THE BROOKS LAW FIRM
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000
(708) 841-8080 (FAX)

## **JURY DEMAND**

Plaintiffs demand trial by jury.

                                              s/ Daniel A. Edelman  
                                              Daniel A. Edelman

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on January 21, 2008 a copy of the foregoing notice was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Claude Lefebvre<br>CHRISTOPHER LEFEBVRE, PC<br>P.O. Box 479<br>Pawtucket, RI 02862<br>(401) 728-6060<br>(401) 728-6534 (FAX) | Nathan A Fishbach<br>Whyte Hirschboeck Dudek SC<br>555 E Wells St - Ste 1900<br>Milwaukee, WI 53202-3819<br>414-273-2100<br>414-223-5000 (fax) |
| Lloyd J. Brooks<br>THE BROOKS LAW FIRM<br>15008 Woodlawn Avenue<br>Dolton, Illinois 60419<br>(708) 841-8000<br>(708) 841-8080 (FAX) | Lisa M Arent<br>Whyte Hirschboeck Dudek S.C.<br>555 East Wells Street<br>Suite 1900<br>Milwaukee, WI 53202<br>414-978-5438 |
| Scott T. Schutte<br>Howrey LLP (CH)<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL 60610<br>(312)222-9350<br>schuttes@howrey.com<br>  LEAD ATTORNEY<br>  ATTORNEY TO BE NOTICED | Bethany K. Biesenthal<br>Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL 60611<br>312-222-9350<br>312-527-0484 (fax)<br>bbiesenthal@jenner.com |
| Kenneth R. Nowakowski<br>Whyte Hirschboeck Dudek S.C.<br>544 East Wells Street<br>Suite 1900<br>Milwaukee, WI 53202<br>414-273-2100<br>knowakowski@whdlaw.com | Sarah Megan Brown<br>Brennan & Monte, Ltd.<br>20 S. Clark Street<br>Suite 1530<br>Chicago, IL 60603-1824<br>312 422 0001<br>(312)422-0008 (fax)<br>sbrown@brennan-monte.com |

Gabriel A. Crowson
Howrey LLP (CH)
321 North Clark Street
Suite 3400
Chicago, IL 60610
(312) 846-5645
crowsong@howrey.com

Matthew M. Neumeier
Howrey LLP (CH)
321 North Clark Street
Suite 3400
Chicago, IL 60610
(312) 846-5640
neumeierm@howrey.com

R. Bruce Allensworth
Kirkpatrick & Lockhart Preston Gates Ellis LLP - MA
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617-261-3119
617-261-3175 (fax)
bruce.allensworth@klgates.com

Brian Marc Forbes
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center, One Lincoln Street
Boston, MA 02110-2950
617-261-3100
617-261-3175 (fax)
brian.m.forbes@klgates.com

          s/Daniel A. Edelman
           Daniel A. Edelman