IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * |
| THIS DOCUMENT RELATES TO | |
| *Navara v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 05-0864 | |
| *Carye v. Long Beach Mortgage Co.* U.S.D.C., D. Mass., Civil Action No. 06-10887 (N.D. Ill. Civil Action No. 07-06544) | |
| *Shelton v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 06-2323 | |

MDL CASE NO. 07 CV 06543

Centralized before
Judge Wayne R. Anderson

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LONG BEACH'S ANSWER
AND DEFENSES**

Defendant Washington Mutual Bank f/k/a Long Beach Mortgage Company ("Long Beach") submits this answer to Plaintiffs' Consolidated Class Action Complaint (the "Complaint").

**INTRODUCTION**

1. Plaintiffs, Guadalupe Navara, Albert Stinson, Eric Shelton, Mirlaine Jeune, and Charlene Sullivan (collectively, "Plaintiffs"), on behalf of others similarly situated, by and through their attorneys, hereby complain against defendant Long Beach Mortgage Company ("Long Beach") for violations of the Truth in Lending Act ("TILA") and state as follows:

1

**ANSWER:** Long Beach admits that Plaintiffs purport to assert claims against Long Beach based on violations of the Truth in Lending Act ("TILA"). Long Beach denies that it violated TILA and further denies that Plaintiffs are entitled to maintain this case as a class action. Long Beach denies the remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendant does business in the District and is deemed to reside there.

**ANSWER:** Long Beach admits that this Court has subject matter jurisdiction over this matter and that venue is proper in this judicial district. Long Beach denies the remaining allegations contained in Paragraph 2.

## PARTIES

3. Plaintiff Guadalupe Navara owns and resides in a home at 2715 S. Kostner, Chicago, IL 60623.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Plaintiff Albert Stinson owns and resides in a home at 5402 S. Shields, Chicago, IL 60609.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Plaintiff Eric Shelton is a resident of Chicago, IL.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Plaintiff Charlene Sullivan resides in a home that she jointly owns with Lawrence Balmforth at 190 Littlefield Street, Pawtucket, Rhode Island.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Plaintiff Mirlaine Jeune owns and resides in a home at 279 W. Elm Street, Brockton, Mass.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant Long Beach is a Delaware corporation with it principal place of business at 1400 S. Douglas Road, Suite 100, Anaheim, CA 92806. It is a "subprime" mortgage lender authorized to do business in Illinois and has an office at 1300 E. Woodfield Road, 6th Floor, Schaumburg, IL 60173.

**ANSWER:** Long Beach admits that Washington Mutual Bank, formerly Long Beach Mortgage Company, is a federal savings association, with its principal place of business at 2273 North Green Valley Parkway, Suite 14, Henderson, Nevada 89014. Long Beach denies that it is a "subprime" mortgage lender and denies the remaining allegations contained in Paragraph 8.

## FACTS RELATING TO PLAINTIFF NAVARA

9. On April 29, 2004, plaintiff Guadalupe Navara obtained a $50,000 mortgage loan, secured by her residence, from Long Beach Mortgage Company.

**ANSWER:** Long Beach admits that on April 29, 2004, Plaintiff Navara obtained a loan in the principal amount of $50,000 from Long Beach and that the loan was secured by a mortgage on property located at 2715 S. Kostner, Chicago, IL 60623. Long Beach denies the remaining allegations contained in Paragraph 9.

10. Plaintiff Guadalupe Navara obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The following are documents related to the Navara loan:
    a. Mortgage, <u>Exhibit A</u>;
    b. Financial disclosure statement under TILA, <u>Exhibit B</u>;
    c. A 1-4 Family Rider to the mortgage, <u>Exhibit C</u>.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to be related to Plaintiff Navara's mortgage loan. Long Beach denies the remaining allegations in Paragraph 11.

### FACTS RELATED TO ALBERT STINSON

12. On April 12, 2006, plaintiff Albert Stinson obtained two mortgage loans from Long Beach, for the purpose of financing the purchase of his prospective residence at 5402 S. Shields, Chicago, IL 60609. The building contains two units.

**ANSWER:** Long Beach admits that on April 12, 2006, Plaintiff Stinson obtained two loans from Long Beach, and that the loans were secured by mortgages on property at 5402 S. Shields, Chicago, IL 60609. Long Beach denies the remaining allegations contained in Paragraph 12.

13. Plaintiff Albert Stinson obtained the loans for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The following are documents relating to the first Stinson loan:
    a. Mortgage, <u>Exhibit D</u>;
    b. Financial disclosure statement under TILA, <u>Exhibit E</u>;
    c. A 1-4 Family Rider to the mortgage, <u>Exhibit F</u>.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to one of Plaintiff Stinson's mortgage loans. Long Beach denies the remaining allegations in Paragraph 14.

15. The following are documents relating to the second Stinson loan:
    a. Mortgage, Exhibit G;
    b. Financial disclosure statement under TILA, Exhibit H;
    c. A 1-4 Family Rider to the mortgage, Exhibit I.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to one of Plaintiff Stinson's mortgage loans. Long Beach denies the remaining allegations in Paragraph 15.

### FACTS RELATING TO ERIC SHELTON

16. On July 12, 2005, plaintiff Eric Shelton obtained a mortgage loan from Long Beach for the purpose of financing the purchase of a two-unit building at 6800 S. Artesian, Chicago, IL.

**ANSWER:** Long Beach admits that on July 12, 2005, Plaintiff Shelton obtained a loan from Long Beach, and that the loan was secured by a mortgage on property located at 6800 S. Artesian, Chicago, IL. Long Beach denies the remaining allegations in Paragraph 16.

17. Plaintiff Eric Shelton obtained the loan for personal, family or household purposes.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. The following are documents relating to the Shelton loan:
    a. Financial disclosure statement under TILA, Exhibit J;
    b. A 1-4 Family Rider to the mortgage, Exhibit K.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to Plaintiff Shelton's mortgage loan. Long Beach denies the remaining allegations in Paragraph 18.

### FACTS RELATING TO CHARLES SULLIVAN

19. On or about July 25, 2005, Plaintiff Charlene Sullivan obtained a loan from Long Beach to refinance her mortgage.

**ANSWER:** Long Beach admits that on July 25, 2005, Plaintiff Sullivan obtained a loan from Long Beach, and that the loan was secured by a mortgage on property located at 190 Littlefield Street, Pawtucket, Rhode Island. Long Beach denies the remaining allegations in Paragraph 19.

20. Plaintiff Charlene Sullivan obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. The following are documents relating to the Sullivan loan:
   a. Mortgage, Exhibit L;
   b. Financial disclosure statement under TILA; Exhibit M;
   c. A 1-4 Family Rider, Exhibit N.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to Plaintiff Sullivan's mortgage loan. Long Beach denies the remaining allegations in Paragraph 21.

### FACTS RELATING TO MIRLAINE JEUNE

22. On or about November 1, 2005, plaintiff Mirlaine Jeune obtained two loans from Long Beach for the purpose of refinancing his residence.

**ANSWER:** Long Beach admits that on November 1, 2005, Plaintiff Jeune obtained two loans from Long Beach, and that the loans were secured by mortgages on property located at 279 W. Elm Street, Brockton, Massachusetts. Long Beach denies the remaining allegations contained in Paragraph 22.

23. Plaintiff Mirlaine Jeune obtained the loans for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

**ANSWER:** Long Beach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. The following are documents relating to the first Jeune loan:
   a. Mortgage, Exhibit O.
   b. Financial disclosure statement under TILA, Exhibit P;
   c. Two 1-4 Family Riders, Exhibit Q.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to one of Plaintiff Jeune's mortgage loans. Long Beach denies the remaining allegations in Paragraph 24.

25. The following are documents relating to the second Jeune loan:
   a. Mortgage, Exhibit R;
   b. Financial disclosure statement under TILA, Exhibit S;
   c. Two 1-4 Family Riders, Exhibit T.

**ANSWER:** Long Beach admits that the exhibits listed above are attached to the Complaint and purport to relate to one of Plaintiff Jeune's mortgage loans. Long Beach denies the remaining allegations in Paragraph 25.

## COUNT I -- TILA

26. Plaintiffs Navara, Stinson, Shelton, and Sullivan incorporate paragraphs 1-6 and 8-21.

**ANSWER:** Long Beach realleges and adopts by reference all of its responses to the preceding allegations of the Complaint as if fully set forth herein.

27. The "1-4 Family Rider" creates a security interest in personal property that is not part of the real estate.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 27.

28. No such security interest is disclosed on any of the plaintiffs' Truth in Lending disclosures.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 28.

29. The non-disclosure on the plaintiffs' and class members' Truth in Lending statements of the security interests in personal property created by the 1-4 Family Riders violates 15 U.S.C. § 1637 and 12 C.F.R. § 226.18.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 29.

## CLASS ALLEGATIONS

30. Plaintiffs Navara, Stinson, Shelton, and Sullivan bring this claim on behalf of a class. The class consists of (a) all natural persons (b) who signed a mortgage with Long Beach in any state excluding Massachusetts, (c) that takes a security interest in personal property by means of a one-to-four-family rider not limited to fixtures, (d) on or after Feb. 11, 2004 (one year prior to the original filing of the Navara action on Feb. 11, 2005).

**ANSWER:** Long Beach admits that Plaintiffs Navara, Stinson, Shelton, and Sullivan purport to bring a TILA claim on behalf of a putative class. Long Beach denies that a class could or should be certified and denies the remaining allegations contained in Paragraph 30.

31. The class members are so numerous that joinder is impracticable. There are more than 16,000 members of the class.

**ANSWER:** Long Beach admits that, during the proposed class period, more than 16,000 persons obtained a mortgage loan from Long Beach that included a 1-4 Family Rider. Long Beach denies the remaining allegations contained in Paragraph 31.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominate common question is whether the failure to disclose the security interest violated TILA.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 32.

33. Plaintiffs' claim is typical to the claims of the class members. All claims are based on the same factual and legal theories.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 33.

34. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit cases.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 34.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible for most class members. Even if they were, there is no reason to have multiple lawsuits presenting the same issue. Furthermore, defendant Long Beach continued using the improper form and disclosures after it had been sued and after FNMA had issued a new form. Classwide liability is necessary to induce Long Beach to conform to TILA.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 35, and further denies that Plaintiffs are entitled to any of the relief enumerated in the Prayer for Relief following Paragraph 35.

## COUNT II -- MCCDA

36. Plaintiff Jeune incorporates paragraphs 1, 2, 7, 8, and 22-25.

**ANSWER:** Long Beach realleges and adopts by reference all of its responses to the preceding allegations of the Complaint as if fully set forth herein.

37. The "1-4 Family Rider" creates a security interest in personal property that is not part of the real estate.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 37.

38. No such security interest is disclosed on any of the plaintiffs' Truth in Lending disclosures.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 38.

39. The Truth in Lending statement issued to plaintiff Jeune and each member of the class described below violates the MCCDA entitling plaintiff and the class members to damages.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 39.

## CLASS ALLEGATIONS

40. Plaintiff Jeune brings this claim on behalf of a class. The class consists of (a) all natural persons (b) who signed a residential mortgage in the state of Massachusetts secured by real estate containing 1 or 2 dwelling units located in Massachusetts with Long Beach (c) that takes a security interest in personal property by means of a one-to-four-family rider not limited to rents, (d) in a transaction documented as one subject to TILA and/or the MCCDA (e) where the Truth in Lending statement does not disclose the security interest in personal property created by the Rider (f) whose loan files show that live in the real estate (g) on or after May 19, 2002 (four years prior to the original filing of the Jeune (Carye) actions on May 19, 2006).

**ANSWER:** Long Beach admits that Plaintiff Jeune purports to bring a claim under the MCCDA on behalf of a putative class. Long Beach denies that a class could or should be satisfied and Long Beach denies the remaining allegations contained in Paragraph 40.

41. The class members are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 200 members of the class.

**ANSWER:** Long Beach admits that more than 200 persons obtained a mortgage loan from Long Beach secured by real estate in Massachusetts and that included a 1-4 Family Rider. Long Beach denies that a class could or should be certified. Long Beach denies the remaining allegations contained in Paragraph 41.

42. There are questions of law and fact common to class members, which common questions predominate over any questions involving only individual class members. The predominant common question is whether the class members' disclosures were defective under the MCCDA.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 42.

43. Plaintiff's claim is typical to those of the class members. All are based on the same facts and legal theories.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 43.

44. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the MCCDA.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 44.

45. A class action is superior to other methods of adjudicating this dispute. Individual cases are not economically feasible for most members. Even if they were, there is no reason to have multiple lawsuits presenting the same issue.

**ANSWER:** Long Beach denies the allegations contained in Paragraph 45, and further denies that Plaintiffs are entitled to any of the relief enumerated in the Prayer for Relief following Paragraph 45.

## DEFENSES

Further answering the Complaint, and as additional defenses thereto, Long Beach incorporates by reference the foregoing answers as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiffs as a matter of applicable substantive or procedural law, and further alleges as follows:

### FIRST DEFENSE

Plaintiffs fail to state any claims upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the unclean hands doctrine.

### THIRD DEFENSE

Plaintiffs cannot satisfy the requirements under Rule 23 to maintain this case as a class action.

### FOURTH DEFENSE

Plaintiffs have not sustained any actual damages proximately caused by Long Beach's actions or conduct.

### FIFTH DEFENSE

Long Beach reserves the right to assert any additional defenses that may be discovered during the course of additional investigation and discovery.

### CONCLUSION

For the foregoing reasons, Long Beach respectfully requests that this Court enter judgment against Plaintiffs on all counts in their Consolidated Class Action Complaint, and order such relief as the Court may deem equitable, just, and proper.

Dated:  February 20, 2008               Respectfully submitted,

                Washington Mutual Bank
                f/k/a Long Beach Mortgage Company


                By:    /s/ Gabriel A. Crowson
                        Matthew M. Neumeier
                        Scott T. Schutte
                        Gabriel A. Crowson
                        HOWREY LLP
                        321 N. Clark St. Suite 3400
                        Chicago, IL 60610
                        Telephone: (312) 595-1239
                        Fax: (312) 595-2250
                        Email: neumeierm@howrey.com
                                schuttes@howrey.com
                                crowsong@howrey.com

**CERTIFICATE OF SERVICE**

    I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Long Beach's Answer and Defenses has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 20th day of February, 2008.

                                                    /s/ Gabriel A. Crowson
                                                    Gabriel A. Crowson