**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY | * | |
| TRUTH IN LENDING ACT FAMILY RIDER | * | |
| LITIGATION | * | MDL CASE NO. 07 CV 06543 |
| | * | |
| _____ | * | |
| | * | |
| THIS DOCUMENT RELATES TO | * | Centralized before |
| | * | Judge Wayne R. Andersen |
| *Mason v. Long Beach Mortgage Co.* | * | |
| U.S.D.C. E.D. Wis., No. 07-C-0272 CNC | * | |
| (N.D. Ill. Civil Action No. 07-06545) | * | |
| | * | |
| ****************************************** | | |

**REPLY MEMORANDUM IN FURTHER**
**SUPPORT OF MOTION TO DISMISS**

As set forth in its opening memorandum, defendant Washington Mutual Bank, f/k/a Long Beach Mortgage Company ("Long Beach") seeks the dismissal, with prejudice, of both claims asserted in this case by plaintiffs Kenneth Mason and Julia Watkins (collectively "Plaintiffs").[1] First, Plaintiffs' Family Rider Claim is time-barred by the applicable statute of limitations, as Plaintiffs filed suit more than a year after their mortgage transaction. Plaintiffs acknowledge that this claim is untimely, but nevertheless contend that the limitations period was tolled by virtue of the *Navara v. Long Beach Mortgage Company* putative class action proceeding. Plaintiffs fail to appreciate, however, that the overwhelming majority of the federal courts that have addressed

---

[1] In Count I of their Complaint, Plaintiffs allege that they are entitled to rescind their mortgage transaction with Long Beach because Long Beach failed to provide Plaintiffs two copies of the Notice of Right to Cancel required by the Truth in Lending Act ("TILA") (the "Rescission Claim"). In Count II, Plaintiffs contend that Long Beach took a security interest in their personal property by way of a 1-4 Family Rider that was attached to their mortgage contract. Plaintiffs contend that Long Beach violated TILA by not disclosing this alleged security interest in the Truth in Lending Disclosure Statement (the "Family Rider Claim").

this very issue have concluded that tolling does not apply when a plaintiff files an individual lawsuit prior to a decision on class certification. Because Plaintiffs have not articulated any reasons why the Court should depart from this well-established case law, their Family Rider Claim should be dismissed with prejudice.

Second, Plaintiffs cannot maintain a Rescission Claim because they signed a Notice of Right to Cancel in which they both acknowledged that they received two copies of that notice. That Plaintiffs signed the notice creates a rebuttable presumption that Plaintiffs did, in fact, receive the requisite copies of the notice. In their opposition brief, Plaintiffs neglected to articulate any grounds upon which this presumption could be rebutted. Rather, Plaintiffs tried to dodge the issue by arguing that the Court should not consider the signed and dated notice simply because it was attached to Long Beach's motion to dismiss. The law in the Seventh Circuit, however, is clear that district courts may consider and evaluate exhibits attached to a motion to dismiss when those documents are central to the plaintiff's allegations. Because the signed notice is crucial to Plaintiffs' Rescission Claim, the Court should consider that exhibit and dismiss the Rescission Claim with prejudice.

## ARGUMENT

### I.    PLAINTIFFS ARE NOT ENTITLED TO THE BENEFIT OF *AMERICAN PIPE* TOLLING BECAUSE THEY FILED AN INDIVIDUAL SUIT PRIOR TO CLASS CERTIFICATION.

Plaintiffs concede that their Family Rider Claim is untimely but nonetheless claim that the statute of limitations was tolled by the filing of the *Navara* putative class action. (*See* Pltfs.' Opp., Dkt. No. 26, at 3).[2] The *Navara* class action was filed in this Court in February 2005 by

---

[2]    In November 2007, the Judicial Panel of Multidistrict Litigation ordered that several proceedings involving Long Beach's Family Rider be consolidated before this Court as part of an MDL proceeding. After consolidation, the Clerk of Court created a N.D. Ill. case number for

the same law firm that represents Plaintiffs in this case. (*See Navara* Compl. filed Feb. 11, 2005, N.D. Ill. Case No. 05-00864). In the Complaint filed by Plaintiffs in this case, Plaintiffs unequivocally professed their desire to "be excluded" from the *Navara* putative class. (Compl., Dkt. No. 1, at ¶ 25). The law, however, does not allow Plaintiffs to affirmatively exclude themselves from a putative class to pursue an individual suit prior to a decision on class certification and yet also reap the benefits of the tolling of the limitation period caused by the mere filing of the putative class action case.

As a general matter, the filing of a class action tolls the statute of limitations for all persons who fall within the putative class. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553, 94 S. Ct. 756, 765-66 (1974). According to the *American Pipe* Court, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class ***who would have been parties*** had the suit been permitted to continue as a class action." *Id.* at 554 (emphasis added). The purpose of this doctrine is to protect "the principal purposes of the class action procedure – promotion of efficiency and economy of litigation." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 349, 103 S. Ct. 2392 (1983). Because Plaintiffs have explicitly disavowed any involvement in the *Navara* class action, they would not be parties to the *Navara* class, assuming such a class is certified. As such, Plaintiffs simply do not fall within the protections afforded by the *American Pipe* tolling doctrine.

Although *American Pipe* did not address the precise issue as to whether a potential class member who files an individual suit prior to a decision on class certification is entitled to benefit from class action tolling, numerous federal circuit courts and district courts have ruled on this

---

each of the cases that were transferred to this Court. This motion pertains to the *Mason* proceeding, which is N.D. Ill. case no. 07-06545. References in this brief to docket entries will be to pleadings filed under the *Mason* N.D. Ill. case number.

issue. In fact, this Court has consistently held that the *American Pipe* tolling principle does not apply under these circumstances. *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-C-897, 1998 U.S. Dist. LEXIS 12534, at *30-33 (N.D. Ill. Aug. 4, 1998) (finding that because plaintiffs "made a conscious decision early on to pursue their claims on an entirely separate, though essentially parallel, track from that of the Class" and "filed their own lawsuits and disavowed class status" they could not "reap the benefits of a doctrine which is designed for a group – the Class and its putative members"); *Shaffer v. Combined Ins. Co. of Am.*, No. 02-C-1774, 2003 U.S. Dist. LEXIS 20689, at *7 (N.D. Ill. Nov. 18, 2003) (holding that plaintiffs that file their own individual lawsuit before class certification is denied do not benefit from class-action tolling); *Kozlowski v. Sheanhan*, No. 05-C-5593, 2005 WL 3436394, at *3 (N.D. Ill. Aug. 6, 1998) (stating that tolling does not apply when a plaintiff who qualifies as a putative class member, but multiplies proceedings by filing a new action while class certification is pending).[3]

This Court's decisions on this issue are consistent with the overwhelming majority of federal courts that have discussed this situation. Indeed, every circuit court that has addressed this issue (with one exception) has concluded that the intent of *American Pipe* and Federal Rule 23 – to promote judicial efficiency and to prevent the multiplicity of actions – is frustrated when plaintiffs file independent actions before a decision on the issue of class certification. *Phillips v. E.I. Dupont De Nemours & Co. (In re Hanford Nuclear Reservation Litig.)*, 497 F.3d 1005, 1025 (9th Cir. 2007) (noting that countless federal courts have decided that applying the tolling doctrine to separate actions filed prior to class certification would create the very inefficiency

---

[3] Pursuant to Judge Andersen's Case Management Procedures, copies of all unpublished decisions cited in this brief are included as Exhibit 1.

that *American Pipe* sought to prevent); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 569 (6th Cir. 2005); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir. 1983).[4]

In their opposition brief, Plaintiffs do not even attempt to distinguish any of the panoply of cases that have ruled on this issue. Instead, Plaintiffs simply cite the Second Circuit's decision in *In re Worldcom*, 496 F.3d 245 (2d Cir. 2007) and a district court decision that followed the *Worldcom* opinion, *Shriners Hosps. for Children v. Qwest Communs. Int'l, Inc.*, No. 04-CV-00781-REB-KLM, 2007 U.S. Dist. LEXIS 70782 (D. Colo. Sept. 25, 2007). Plaintiffs, however, fail to disclose that these two cases represent the minority viewpoint as evidenced by the litany of cases cited above.[5] Moreover, Plaintiffs' brief offers no reason why this Court should depart from a rule that has been enunciated by four circuit courts, numerous district courts, and this Court on no less than three occasions. *See In re Brand Name Prescription Drugs*, 1998 U.S. Dist. LEXIS 124534, at *30-33; *Shaffer*, 2003 U.S. Dist. LEXIS 20689, at * 7; *Kozlowski*, 2005 WL 3436394, at *3.

---

[4] Likewise, many of the district courts that have ruled on this issue have held that plaintiffs who elect to exclude themselves from a putative class by filing an individual suit before class certification are not entitled to rely on *American Pipe* tolling. *In re Enron Crop. Securities & ERISA Litig.*, 465 F. Supp. 2d 687, 715-16 (S.D. Tex. 2006) (collecting cases); *In re Heritage Bond Litig.*, 289 F. Supp. 2d 1132, 1149-50 (C.D. Cal. 2003); *Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793, 799-800 (N.D. Tex. 2000); *Chinn v. Giant Food, Inc.,* 100 F. Supp. 2d 331, 334-35 (D. Md. 2000); *Stunz v. Minnesota Mining Mfg. Co.*, 947 F. Supp. 399, 404 (S.D. Ind. 1996); *Irrer v. Milacron, Inc.*, No. 04-72898, 2006 U.S. Dist. LEXIS 66473, at *19 (E.D. Mich. Sept. 18, 2006).

[5] Although Plaintiffs' brief suggests that the Second Circuit's decision in *In re Worldcom* is the most recent pronouncement on this issue, the Ninth Circuit's opinion in *Phillips* is actually the most recent circuit court decision. *See Phillips*, 497 F.3d at 1025 (decided Aug. 14, 2007). In any event, the *In re Worldcom* court postulated that individual plaintiffs should be treated as members of the proposed class for limitations purposes under *American Pipe*. *See In re Worldcom*, 497 F.3d at 255. This narrow approach, however, fails to grasp that plaintiffs who file individual lawsuits and explicitly request exclusion from the class are no longer putative class members and should not be entitled to the benefits of class action tolling.

Plaintiffs claim that they would have been entitled to the benefit of *American Pipe* tolling had they waited until class certification and then decided to opt-out of any certified class.  It is true that courts have held that plaintiffs who opt-out of a class after certification was granted and then file individual suits do benefit from tolling principles.  Plaintiffs, however, chose not to pursue that route.  Moreover, several courts have addressed the very argument raised by Plaintiffs and have found it to be unremarkable, as it would undermine the purpose of the class action tolling doctrine.  *See Phillips*, 497 F.3d at 1026-27 ("We should not allow a plaintiff to file an individual suit, **which is in essence a signal that the plaintiff is opting out of a class**, and then simultaneously give the same plaintiff class action benefits.") (emphasis added); *see also Wyser-Pratte*, 413 F.3d at 568 ("The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, **but are when plaintiffs delay until the certification issue has been decided**.") (emphasis added).[6]

In sum, the overwhelming majority of federal courts that have addressed this issue have concluded that *American Pipe* tolling does not apply when a potential class member decides to exclude himself from a putative class action by filing an individual suit prior to a decision on class certification.  This Court should follow the decisions previously issued by judges in the Northern District of Illinois, which clearly represent the majority rule, and hold that Plaintiffs' Family Rider Claim is time-barred.  *See Kozlowski*, 2005 WL 3436394, at *3 ("The weight of authorities militates against applying the tolling doctrine to the present case because class certification in *Hart* is pending.").

---

[6] For this same reason, it is simply irrelevant that Long Beach was on notice of the Family Rider Claim at the time that Plaintiffs commenced their individual suit.  Instead, courts consider the judicial inefficiencies caused by a putative class member who decides to file an individual suit that they clearly know is already barred by the applicable limitations period.

II.    **PLAINTIFFS CANNOT MAINTAIN A FAMILY RIDER CLAIM BECAUSE THE RIDER ONLY CREATES INCIDENTAL INTERESTS IN FIXTURES THAT CANNOT BE DISCLOSED UNDER REGULATION Z.**

Even if Plaintiffs' Family Rider Claim were not time-barred by the applicable limitations period, it is clear that Plaintiffs cannot maintain that claim as a matter of law.  Under TILA, mortgage lenders are required to provide a disclosure statement advising the borrower that a security interest has been taken in the borrower's property.  15 U.S.C. § 1638(a)(9).  Regulation Z, however, provides that certain "incidental interests" such as "accessions, additions, fixtures" and "interests in after acquired property" are expressly excluded from the definition of "security interest" and thus may not be disclosed on the TILA disclosure statement.  12 C.F.R. § 226.2(a)(25).

In this case, Plaintiffs claim that the Rider attached to their mortgage contract allowed Long Beach to take a security interest in Plaintiffs' personal property that was not disclosed on the TILA disclosure statement.  (Compl. at ¶¶ 23-28).[7]  The language of the Rider actually states that Long Beach's security interest covers "goods of every nature whatsoever located in, on, or used, or **_intended to be used in connection with the property._**"  (Rider, Exh. B to Compl.) (emphasis added). Plaintiffs contend that there is no "limiting language" in the Rider and that the "plain language" of the Rider creates a broad security interest.  (Pltfs.' Opp. at 10).   In making this argument, Plaintiffs have merely cherry-picked one phrase from the Rider and attempted to attach meaning to the phrase without an examination of the language surrounding it.  Despite this

---

[7] Notably, Plaintiffs do not allege that they have suffered any actual damages or injury as a result of Long Beach's alleged security interest in their personal property.  For instance, Plaintiffs have not alleged that Long Beach attempted to foreclose on any of Plaintiffs' property (real or personal).

creative reading of the Rider, when read as a whole, this Court should conclude as a matter of law that the Rider did not take a security interest in Plaintiffs' personal property.

For instance, the property items that are listed in the Rider are limited by the phrase "now or hereafter attached to the property." (Rider, Exh. B to Compl.).   Under either Illinois or Wisconsin law, the plain language of the Rider clearly limits its security interest to fixtures – items intended to remain *attached to the property.  See* 105 ILCS 24.8; 810 ILCS5/9-313; *see also Premonstratension Fathers v. Badger Mut. Ins. Co.*, 46 Wis. 2d 362, 367 (1970).   Surely, Plaintiffs do not seriously contend that they intended that the personal property mentioned in their opposition brief (clothes, books, jewelry, automobiles, personal papers, and photos) were to be permanently attached to the real estate.   As such, it is clear that the Rider clearly did not intend to cover such personal property and was not a TILA violation.

Plaintiffs simply ignore the actual language contained in the Rider and instead rely on this Court's decision in *Leon v. Washington Mutual Bank*, 164 F. Supp. 2d 1034 (N.D. Ill. 2001) and some cases that followed *Leon*.   Plaintiffs incorrectly suggest that these cases definitively held that Long Beach's Rider is violative of TILA as a matter of law.   That is simply not true, as the *Leon* court merely found that there was a fact question that precluded the Court from determining whether the Rider violated TILA and thus could not address the issue in the context of a Rule 12(b) motion to dismiss.   *Leon*, 164 F. Supp. 2d at 1038-39.   Indeed, the court held that whether the rider involves "fixtures" is a fact question that cannot be determined at the pleading stage.   *Id.* at 1038.

Moreover, the *Leon* court failed to appreciate that the plain language of the Rider clearly only covers fixtures that are "now or hereafter attached to the property." (Cmplt, Exh. B).   As such, Long Beach contends that *Leon* was erroneously decided and should not be considered by

the Court in addressing the current motion.[8]  Clearly, the plain language of the Rider will allow

the Court to hold as a matter of law that the Rider only pertains to fixtures that are permanently

attached to the property, which obviously does not include Plaintiffs' personal effects.

### III.    PLAINTIFFS CANNOT MAINTAIN A RESCISSION CLAIM BECAUSE THEY SIGNED DATED COPIES OF THE NOTICE OF RIGHT TO CANCEL.

In Count I of their Complaint, Plaintiffs claim that they can rescind their mortgage loan

because Long Beach allegedly failed to deliver Plaintiffs the requisite copies of the Notice of

Right to Cancel (the "Notice").  Both Plaintiffs, however, signed a completed version of the

Notice its opening brief, which provided that "[the] undersigned each acknowledge receipt of

two copies of NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending

Disclosure Statement."  (Exh. 1 to Long Beach's Motion to Dismiss Brief, Dkt. No. 15).  This

Notice bears the signature of both Kenneth Mason and Julia Watkins and further states that the

date of the transaction was September 28, 2005, that Plaintiffs could rescind within three

business days, and that they could cancel by October 1, 2005.  (*Id.*).

The mere fact that Plaintiffs signed a completed copy of the Notice creates a rebuttable

presumption under TILA that they did, in fact, receive the requisite copies of the Notice.  15

U.S.C. § 1635(c).  In this case, Plaintiffs have failed to offer any reasons or evidence to rebut the

presumption of receipt, instead simply relying on the allegation that they only received undated

copies of the Notice.  The relevant case law makes it clear that this is insufficient to rebut the

---

[8] Plaintiffs cite a line of cases, including *Romaker v. Crossland Mortgage. Corp.*, No. 94 C 3328, 1995 U.S. Dist. LEXIS 22252 (N.D. Ill. Nov. 3, 1995) and *Navara v. Long Beach Mortgage Co.*, No. 05 C 864, 2006 U.S. Dist. LEXIS 4908 (N.D. Ill. Jan. 26, 2006), for the proposition that "Long Beach's argument has already been rejected by all authorities in this and other districts that have ruled on the issue."  (Pltfs.' Opp. at 6).    But, in none of these cases did the court consider whether the phrase "now or hereafter attached to the Property" applied to the phrase "goods of every nature."    Rather, these courts, like the Plaintiffs, simply disregarded the limitations placed on the property covered by the Rider by this clause.

presumption of receipt. *Strang v. Wells Fargo Bank, N.A.*, No. 04-CV-2865, 2005 U.S. Dist. LEXIS 14135, at *10-11 (E.D. Pa. July 13, 2005) (finding that the borrower's testimony that disclosures were not provided is insufficient to rebut the presumption that disclosure occurred when there is written acknowledgement of receipt) (citing *McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1011 (7th Cir. 2004); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003)); *see also Jackson v. New Century Mortgage Corp.*, 320 F. Supp. 2d 608, 611-12 (E.D. Mich. 2004) (finding that plaintiffs could not rebut presumption created by their signed acknowledgment that they received two copies of the notice).

Plaintiffs do not challenge that the Notice attached to Long Beach's motion contains their signature and that it correctly informs them of the three day rescission period allowed by TILA. Instead, Plaintiffs merely argue that the Court should not consider the dated Notice attached to Long Beach's motion in the context of a motion to dismiss, relying on *Reese v. Hammer Financial Corp.*, No. 99-C-0716, 1999 U.S. Dist. LEXIS 18812, at *8 (N.D. Ill. Nov. 29, 1999). *Reese*, however, is distinguishable from this case in that the *Reese* plaintiffs attached *unsigned* copies of the notice, and therefore the court was not faced with the issue of whether the plaintiffs could rebut the presumption of delivery – the precise issue before the Court in this matter. *Reese*, 1999 U.S. Dist. LEXIS 18812, at *8.

Moreover, the Seventh Circuit has made it clear that when a document is referenced in a plaintiff's complaint, and is central to their claim, a defendant may attach a true and accurate copy to its motion to dismiss. *See McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (recognizing that documents attached to a motion to dismiss are considered part of the pleadings if they are referenced in plaintiff's complaint and central to plaintiff's claim); *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) (holding that when a

written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations). Because the signed and dated copy of the Notice is crucial to Plaintiffs' Rescission Claim, the Court can properly consider that Notice in analyzing Long Beach's motion to dismiss. Once the Court considers the completed Notice, it is clear that there is a presumption that Plaintiffs did, in fact, receive the completed Notice. As Plaintiffs have offered no evidence to the contrary, Long Beach's motion should be granted.[9]

## **CONCLUSION**

For the foregoing reasons, Long Beach respectfully requests that this Court grant its motion and dismiss, with prejudice, all claims asserted by Plaintiffs in this proceeding.

Dated:  February 22, 2008                    Respectfully submitted,

                                             Washington Mutual Bank
                                             f/k/a Long Beach Mortgage Company


                                             By:     /s/ Gabriel A. Crowson
                                                     Matthew M. Neumeier
                                                     Scott T. Schutte
                                                     Gabriel A. Crowson
                                                     HOWREY LLP
                                                     321 N. Clark St. Suite 3400
                                                     Chicago, IL 60610
                                                     Telephone: (312) 595-1239
                                                     Fax: (312) 595-2250
                                                     Email: neumeierm@howrey.com
                                                             schuttes@howrey.com
                                                             crowsong@howrey.com

---

[9] To the extent that the Court finds that it cannot consider the Notice attached to Long Beach's motion under Rule 12(b) standards, then Long Beach re-urges its request that the Court convert this portion of Long Beach's motion to dismiss into a Rule 56 summary judgment motion.

## <u>CERTIFICATE OF SERVICE</u>

I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Reply Memorandum in Further Support of Motion to Dismiss has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 22nd day of February, 2008.

<u>/s/ Gabriel A. Crowson</u>
Gabriel A. Crowson