**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | ) ) ) ) | MDL 07-cv-06543 |
| _____ | ) ) | |
| THIS DOCUMENT RELATES TO NAVARA & STINSON, JEUNE, SULLIVAN, & SHELTON | ) ) ) ) | Centralized before Judge Wayne R. Andersen |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

Defendant does not challenge numerosity or commonality in this proposed class action, but challenges the class definition, typicality, adequacy, and predominance.

First, although plaintiffs do not believe there is any problem with the proposed class definitions, revised definitions readily obviate defendant's arguments.

Second, plaintiffs will demonstrate that the claims are typical of the claims of the putative class members because both representatives and members allege the exact same wrongdoing: defendant took a security interest in their personal property via a 1-4 Family Rider and failed to disclose this interest on the Truth In Lending Disclosure Statement. Proof that this rider violates class representatives' claims will, by definition, prove the class members' claims. This is the epitome of typicality.

Third, plaintiffs are perfectly suitable class representatives because they satisfy the two elements utilized to determine adequacy: they have hired qualified counsel to represent them

1

and no plaintiff has interests antagonistic to the class.[1]

Finally, plaintiffs' motion to certify the classes meets the threshold requirements of predominance under Federal Rule of Civil Procedure 23(b)(3) because they are able to offer class-wide proof of defendant's Truth In Lending Act ("TILA") violation through their individual claims. Defendant's predominance argument fails because, as described briefly above, plaintiffs' case turns on the sole issue of whether the 1-4 Family Rider takes a security interest in personal property. Accordingly, plaintiffs' case presents issues of law and fact common to the classes that predominate over any individual issues.

## ARGUMENT

### I.     Plaintiffs propose altered class definitions that fully address defendant's concerns.

Defendants contend that plaintiffs' proposed class definitions are improper because the classes are defined by reference to the merits of the case and because they are not limited to persons who obtained their mortgages primarily for consumer purposes. While plaintiffs disagree that the proposed definitions improperly turn on the merits of the case, plaintiffs propose the classes be redefined as follows:

Class I

> (a) all natural persons (b) who signed residential mortgage loans with Long Beach secured by real estate containing 1 or 2 dwelling units located in any state excluding Massachusetts (c) that included 1-4 Family Riders in the form of Exhibit A and (d) who completed residential mortgage loan applications in the form of Exhibit B indicating the property will be a primary residence, but not a secondary residence or investment (e) on or after Feb. 11, 2004 (one year prior to the original filing of the Navara action on Feb.

---

[1]Plaintiffs will move to withdraw Ms. Guadulupe Navara and Mr. Eric Shelton as class representatives.

11, 2005).

Class II

(a) all natural persons (b) who signed residential mortgage loans secured by real estate containing 1 or 2 dwelling units located in Massachusetts with Long Beach (c) that included 1-4 Family Riders in the form of Exhibit C and (d) who completed residential mortgage loan applications in the form of Exhibit D indicating the property will be a primary residence, but not a secondary residence or investment (e) on or after May 19, 2002 (four years prior to the original filing of the Jeune (Carye) action on May 19, 2006).

There is no requirement that class definitions exclude all persons against whom defendants might have defenses. *See Hinman v. M&M Rental Ctr.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008) (holding that a class may be certified even where the defendant may assert defenses against some putative class members). However, these updated class definitions account for the claimed deficiencies in the original class definitions. One, both definitions now no longer reference the merits of the case. Two, both definitions now expressly limit the classes to those borrowers who obtained their mortgages primarily for consumer purposes.

## II.    Plaintiffs' claims and putative class members' claims are identical.

Plaintiffs' claims are typical of the claims of class members because both class representatives and members allege the same wrongdoing: the 1-4 Family Rider form document that Long Beach required class representatives and members alike to sign to obtain mortgage loans takes a security interest in personal property that Long Beach did not disclose on class representatives' and members' TILA Disclosure Statements.

"[T]ypicality 'should be determined with reference to defendant's actions, not with respect to particularized defenses it might have against certain class members.'" *Sadowski v. Med1Online, LLC*, No. 07 C 2973, 2008 U.S. Dist. LEXIS 41766, at *12 (N.D. Ill. May 27,

2008) (quoting *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996)).  Plaintiffs' claims

and putative class members' claims are based on identical conduct on defendant's part—use of a

form document that, in combination with the TILA Disclosure Statement, violates TILA.

Accordingly, defendant's argument that plaintiffs' claims are not typical because

"some of the proposed class representatives are subject to unique defenses" is misplaced.[2]  D's

Memo, p. 10-11.  Defendant's argument has no bearing on determining typicality—it's

defendant's conduct that matters, not plaintiffs'.

In *Cotton v. Asset Acceptance, LLC*, No. 07 C 5005, U.S. Dist. LEXIS 49042, at

*9 (N.D. Ill. June 26, 2008) the defendant asked the Court to "'probe behind the pleadings' in an

attempt to show that Plaintiffs' claims have factual differences and that Plaintiffs' claims lack

merit."  But Judge St. Eve declined to do so because courts should not analyze the ultimate issues

in the case at the class certification stage.  *Id.* (granting plaintiffs' motion for class certification).

Defendant's alleged conduct is the same as it relates to class representatives and

class members.  There is simply no difference between plaintiffs' claims and members' claims.

Thus, plaintiffs have satisfied the typicality requirement.

## III.    Plaintiffs are adequate class representatives.

Long Beach's claims that plaintiffs Navara, Stinson, and Sullivan are not adequate

class representatives are without merit.  But rather than allow defendant to distract all parties

from the strong merits of plaintiffs' case by litigating Ms. Navara's adequacy, plaintiffs hereby

move to withdraw Ms. Navara as a class representative.  Plaintiffs also hereby move to withdraw

---

[2]Plaintiffs address the merits of defendant's argument in the adequacy and predominance
sections of this reply brief.

Mr. Eric Shelton.

"Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Susman v. Lincoln Am. Corp.*, 561 F.2d 86,90 (7th Cir. 1977) (quoting *Wetzel v. Liberty v. Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)).

Long Beach does not challenge the first prong—adequacy of counsel. Defendant mentions in a footnote that plaintiffs failed to supply ample evidence of all counsel adequacy because plaintiff submitted a declaration of adequacy only for Mr. Stinson's attorneys, Edelman, Combs, Latturner & Goodwin, LLC, but does not actually argue that other counsel for plaintiffs are inadequate.

A.    **Ms. Sullivan regained ownership of her claim and may adequately represent the proposed class.**

Defendant claims that Ms. Sullivan cannot serve as a class representative because this case is the property of her bankruptcy estate. Defendant is wrong. Long Beach restates the essential facts of Ms. Sullivan's bankruptcy correctly, but completely misstates the relevant bankruptcy law. Ms. Sullivan filed a Chapter 7 bankruptcy, which was discharged in August 2007, and listed this lawsuit as an asset of the estate on her bankruptcy petition. (Ex. E, Sullivan Bankruptcy Petition, Schedule B). But the fact that her bankruptcy trustee never took formal steps to abandon the asset is irrelevant because she scheduled her suit on her petition.

In *Morlan v. Universal Guaranty Life Insurance Co.*, 298 F.3d 609, 618 (7th Cir. 2002), Judge Posner states that "property that has been scheduled, § 521(1), but 'not otherwise

administered at the time of the closing of a case'" "is deemed abandoned." This describes

exactly what happened in this matter—Ms. Sullivan scheduled this suit properly, but it was not

administered as of the closing of the case. Defendant cites *Morlan* for the exact opposite of its

actual holding. Defendant cites this case to support its argument that a motion to abandon is

necessary, but the holding makes clear that a motion to abandon is not required when an asset is

properly scheduled. Therefore, the estate abandoned this lawsuit, and she has standing to pursue

her claim. Accordingly, Long Beach's challenge to her adequacy as a class representative is

without merit.

> **B.      Mr. Stinson presents zero credibility problems and his claims are not
> antagonistic to the class.**

Long Beach's attack on Mr. Stinson is that he lacks credibility, thus making his

claims antagonistic to the class.[3] The gist of defendant's argument is that Stinson either lied to

Long Beach when he represented that he intended to use the property for his personal use or that

he lied to the IRS when he represented that he did not live at the property. What defendant fails

to recognize is that these representations do not conflict. While Stinson never actually moved

into the property, he intended to do so, which his deposition transcript demonstrates:

| 6  | Q. | And before that, were you living at 5402 South Shields Avenue? |
| 8  | A. | That was the plan. I sold my house in Bellwood to go live at that property at 5402 South Shields. |
| 11 | Q. | So did you ever live at 5402 South Shields? |

---

[3]Defendant attempts to characterize Mr. Stinson as an absentee plaintiff, but this is not a true picture of Mr. Stinson. For one, Mr. Stinson not only reviewed his discovery responses, but did so in person with his counsel for approximately two hours on April 1, 2008. (<u>Ex. F</u>, Affidavit of Michael J. Aschenbrener).

| 13 | A. | No. |
|---|---|---|
| 14 | Q. | Can you tell me again what your plan was? |
| 16 | A. | I purchased the property to go live in the property.  But once my wife saw that it was on the south side of the town in Englewood, she say -- her exact words was, hell no.  And we had a big fight about that seriously. |

Ex. G, Stinson Dep., p. 27

Thus, he honestly represented to Long Beach at the time he got the loan that the loan was for consumer use because he expected to move into the property.  And later, he honestly represented to the IRS on his 2006 tax return that he did not live at the property.  He honestly intended to occupy the property at the time he represented his intent, but, in order to save his marriage, did not move in.  Defendant cites nothing to contradict these facts.  Accordingly, Stinson presents no credibility problem whatsoever and Long Beach's attack on his adequacy as class representative is without merit.

## IV.    Common questions of fact and law predominate over individual issues in this case making the classes appropriate for class treatment under Rule 23(b)(3).

### A.    Plaintiffs can offer class-wide proof of liability, negating the need for individual analysis of each class member.

The Court does not need to conduct individual inquiries of all putative class members to determine the purpose of each loan.

Rule 23(b)(3) requires that the questions of law or fact that are common to all members of the class predominate over any questions affecting only individual members.  "Predominance concerns whether the named plaintiffs can offer proof on a class-wide basis through their individualized claims." *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2008 U.S. Dist. LEXIS 24921, at *19 (N.D. Ill. March 28, 2008).  "The standard is met when there

7

exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis, obviating the need to examine each class member's individual position." *Id.* To determine whether this standard is met, courts look to the substantive elements of plaintiffs' case and the proof necessary to support it. *Id.*

In this case, plaintiffs' case turns on whether a single form issued to all putative class members violates TILA. Determining whether this form violates TILA will determine liability for all putative class members. Thus, generalized evidence exists that will prove or disprove plaintiffs' case, making this a model case for class treatment.

Defendant claims that intensive inquiries of all class members will be required to determine whether each loan in the putative class was used for consumer purposes and is therefore subject to TILA. But this claim ignores the fact that only a ministerial review of Long Beach's records will be necessary because Long Beach has documented each relevant loan as a consumer loan.

Furthermore, if defendant is correct, then no TILA class could ever be certified. "The need to show that the transactions involved are consumer transactions is inherent in every [TILA] class action. If that need alone precluded certification, there would be no class actions under [the TILA]." *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 357 (N.D. Ill. 1998). But, of course, TILA class actions get certified frequently. *See, e.g., Peoples v. Sebring Capital Corp.*, No. 01 C 5676, 2002 U.S. Dist. LEXIS 4104, at *8, 52 Fed. R. Serv. 3d (Callaghan) 197 (N.D. Ill. March 13, 2002) (certifying a TILA class and citing six cases from this district in which the courts rejected defendant's contention that individual inquiries are necessary to determine whether a loan is for consumer purposes).

8

Just as in *Peoples*, the purpose of the loan can be determined from Long Beach's own records. *Id.* at *9. The Court and the parties can look to each borrower's loan application, which states the purpose of the loan, and appraisal report. *See* Ex. B & D. "Finally, if there is genuine confusion over this issue, class members can be asked a single question to determine whether they are entitled to relief." *Wilkerson v. Bowman*, 200 F.R.D. 605, 609-10 (N.D. Ill. 2001).

Defendant attempts to distinguish the cases plaintiffs cite in their opening brief, including *Peoples*, by stating that the courts in those cases declined to consider all of the factors outlined in Regulation Z's Staff Commentary. But defendant misses the point. In *Peoples*, the court declined to consider all of these factors precisely because it determined that doing so was unnecessary. *See Peoples* at *8-9. It isn't that the court declined to do so because of issues not relevant to the instant case; the court declined to do so because it rejected the very same argument offered by defendants in this case. Moreover, the approach taken by the court in *Peoples* is the majority approach in this district. *Id.* at *8.

Furthermore, the updated class definitions limit class members to those mortgaging properties containing two or fewer units and who intended at time of closing to use the properties as primary residences. In other words, the classes are limited to those who intend to occupy the properties as their primary homes and who could only be renting out one unit, i.e., the typical Chicago two-flat. Given these narrow definitions, it would be virtually impossible for any loans in the putative classes to be used for anything other than consumer purposes. Considered in this light, it is not a matter of ignoring the Staff Commentary factors, but that applying the factors consistently to all putative class members necessarily leads to the conclusion

9

that all subject loans are for consumer use.

Additionally, plaintiffs do no seek actual damages, only statutory damages. And "[b]ecause no actual damages are sought or seem likely, individualized analysis of this fact-intensive issue will not be required." *Id.*

### B.    The rider encompasses non-fixtures.

There is also no need to determine whether each class member intended certain items to be affixed to their respective properties because many items covered by the rider could never be fixtures.

The rider covers "goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property." This could include cars, furniture, photo albums, clothing, food, and innumerable other items that (1) by definition, could never be fixtures; and (2) a resident of a building invariably is going to have. Because the rider expressly encompasses non-fixtures, there is no need to determine whether other items may be fixtures. Doing so would be unnecessary and irrelevant.

Furthermore, Long Beach's suggestion that the 1-4 Family Rider at issue should be interpreted differently for different borrowers is inappropriate in light of the fact that the rider was drafted by Long Beach and is a standard form document issued for the very purpose of ensuring uniformity. Standardized agreements should be interpreted as treating alike all similarly situated borrowers. *See Canel v. Fed. Home Loan Mortgage Corp.*, No. 85 C 1424, 1985 U.S. Dist. LEXIS 15442, at *8 (N.D. Ill. Sept. 30, 1985); *see also La Sala v. American S. & L. Ass'n*, 5 Cal. 3d 864, 877 (1971) ("Controversies involving widely used contracts of adhesion present ideal cases for class adjudication; the contracts are uniform, . . . and all members of the class will

10

share a common interest in the interpretation of an agreement to which each is a party.").

Accordingly, plaintiffs have demonstrated that common issues of fact and law predominate over any individual issues. Thus, plaintiffs' motion meets the criteria set forth in Fed. R. Civ. P. 23(b)(3).

## CONCLUSION

Plaintiffs have demonstrated all requirements of Rule 23(a) and (b)(3) necessary for the Court to certify the proposed classes. The class definitions have been revised to avoid any concern, plaintiffs' claims are typical of class members' claims, the plaintiffs are adequate, and common questions of law and fact predominate over any individual questions. Accordingly, plaintiffs ask this Court to certify the proposed classes and allow this case to move forward as a class action.

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, hereby certify that on July 1, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent *via* US mail to those without access to the Court's electronic filing system.

Rogelio A. Astudillo
Astudillo Consulting Services
2304 Frontera Road
McAllen, TX 78504

Law Department
New Millennium Mortgage
1700 Park Street Suite 203
Naperville, IL 60563

Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

s/Michael J. Aschenbrener
Michael J. Aschenbrener

2

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR
## MOTION FOR CLASS CERTIFICATION

### LIST OF EXHIBITS

Exhibit A        STINSON 1-4 Family Rider

Exhibit B        STINSON Loan Application

Exhibit C        SULLIVAN 1-4 Family Rider

Exhibit D        SULLIVAN Loan Application

Exhibit E        SULLIVAN Bankruptcy Petition

Exhibit F        DECLARATION of Michael J. Aschenbrener

Exhibit G        STINSON Deposition

# EXHIBIT A

Loan No. 6711297-7891

# 1-4 FAMILY RIDER
## Assignment of Rents

THIS 1-4 FAMILY RIDER is made this **12th** day of **April** , **2006** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

**5402 S SHIELDS AVE**
**CHICAGO, IL  60609-6217**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant 18 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument        Form 3170 3/93

Page 1 of 2

VMP ®-57 (9304).01        VMP MORTGAGE FORMS - (800)521-7291        Initials: 

1057-1 (05/24/00) PC

Loan No. 6711297-7891

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Albert Stinson_ _____ (Seal)          _____ (Seal)
**ALBERT STINSON**          -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                              -Borrower

LMP® -157 (9304)          Page 2 of 2          Form 3170 3/93
1057-2 (05/24/99) PC

# EXHIBIT B

# Long Beach Mortgage
## Specialty Home Loans
### 🏦 Washington Mutual

**Applicant Identification Verification**

Loan No.: 6711297-78

## IDENTIFICATION INFORMATION

**Fax, Mail, Telephone, or Internet Submitted Applications:** If your application was submitted by mail, telephone, or through the Internet, please provide the following information for each loan applicant and return.

**Face to Face Applications:** If your application was taken in person, the Loan Consultant or broker captures the identification information requested below. Please verify that information provided is complete and accurate. If not, make any needed corrections and return.

| Applicant's Name: | Co-Applicant's Name: |
|---|---|
| ALBERT STINSON | |
| Date of Birth: 9-6-72 | Date of Birth: |
| U.S. Citizens / Permanent Resident Aliens (check one): | U.S. Citizens / Permanent Resident Aliens (check one): |
| ☒ Driver's License    ☐ State ID | ☐ Driver's License    ☐ State ID |
| ☐ Military / Government ID    ☐ Passport | ☐ Military / Government ID    ☐ Passport |
| Nonpermanent Resident / Nonresident Aliens: ☐ Passport | Nonpermanent Resident / Nonresident Aliens: ☐ Passport |
| Number: 3505-3570-7548 | Number: |
| Issue Date: 9-16-05 | Issue Date: |
| Expiration Date: 9-6-09 | Expiration Date: |
| Country/State Issue Authority: ILLIANS | Country/State Issue Authority: |

| Co-Applicant's Name: | Co-Applicant's Name: |
|---|---|
| Date of Birth: | Date of Birth: |
| U.S. Citizens / Permanent Resident Aliens (check one): | U.S. Citizens / Permanent Resident Aliens (check one): |
| ☐ Driver's License    ☐ State ID | ☐ Driver's License    ☐ State ID |
| ☐ Military / Government ID    ☐ Passport | ☐ Military / Government ID    ☐ Passport |
| Nonpermanent Resident / Nonresident Aliens: ☐ Passport | Nonpermanent Resident / Nonresident Aliens: ☐ Passport |
| Number: | Number: |
| Issue Date: | Issue Date: |
| Expiration Date: | Expiration Date: |
| Country/State Issue Authority: | Country/State Issue Authority: |

## CERTIFICATION OF RESIDENT ALIEN STATUS
(Required for Verification of Permanent Resident Aliens in addition to the above)
From the front of the Resident Alien Card, complete the following information:

| Applicant's Name: | Co-Applicant's Name: |
|---|---|
| Resident Alien Card No.: | Resident Alien Card No.: |
| Issue Date: | Issue Date: |
| Expiration Date: | Expiration Date: |

| Co-Applicant's Name: | Co-Applicant's Name: |
|---|---|
| Resident Alien Card No.: | Resident Alien Card No.: |
| Issue Date: | Issue Date: |
| Expiration Date: | Expiration Date: |

## CERTIFICATION OF IMMIGRATION STATUS
(Required for Verification of Nonpermanent Resident and Nonresident Aliens in addition to the above)

| Applicant's Name: | Co-Applicant's Name: |
|---|---|
| Visa Classification in passport? ☐ Yes ☐ No | Visa Classification in passport? ☐ Yes ☐ No |
| Visa Classification No.: | Visa Classification No.: |
| Valid Through Date: | Valid Through Date: |
| I-94 Admitted Until Date: | I-94 Admitted Until Date: |

| Co-Applicant's Name: | Co-Applicant's Name: |
|---|---|
| Visa Classification in passport? ☐ Yes ☐ No | Visa Classification in passport? ☐ Yes ☐ No |
| Visa Classification No.: | Visa Classification No.: |
| Valid Through Date: | Valid Through Date: |
| I-94 Admitted Until Date: | I-94 Admitted Until Date: |

**Instructions to the Closing Agent, Signing Service Agent or Loan Closer:**
This form must be completed and returned prior to loan funding. If the information above has been provided by the lender, obtain the identification documents from the applicant and compare it to what is listed and verify the accuracy. If the information has not been completed, obtain one of the identification types indicated above and complete the form. Provide your signature indicating that you have verified and completed the form.

If the lender provided ID information is different from what has been provided by the borrower, contact the Loan Coordinator immediately, do not proceed with the loan signing.

Please sign below to acknowledge viewing the identification indicated above.

_(signature)_    4/12/06

Closing Agent/Signing Service Agent/Loan Officer                Date

4140507 (04/2003) WR

4140507(03/08)

Apr-10-06  07:57am  From-Long Beach Mortgage      620 616 5036      T-031  P.003  F-009 

04/03/2006 11:13 FAX 8305346608 APPLICATION                    ☒ 023/028

## PARK WEST MORTGAGE, INC.

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.
If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below).

| Borrower | Co-Borrower |
|---|---|

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☒ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate  ☐ Other (explain): |
|---|---|---|---|---|
| $148,000.00 | 9.350 % | 480 | | ☐ GPM  ☒ ARM (type): A/35 |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | No. of Units |
|---|---|
| 5402 S SHIELDS AVE, CHICAGO, IL 60609 Cook County | 2 |
| Legal Description of Subject Property (attach description if necessary) | Year Built |
| SEE TITLE | 1950 |

| Purpose of Loan: ☒ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: |
|---|---|
| ☐ Refinance  ☐ Construction-Permanent | ☐ Primary Residence  ☐ Secondary Residence  ☐ Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost $ |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| ALBERT STINSON, LAWRENCE REDDIT | Joint tenants | ☒ Fee Simple  ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|
| Checking/Savings |

## III. BORROWER INFORMATION

| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|
| ALBERT STINSON | |

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| 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 | 708-547-0514 | 04/06/1972 | 16 | | | | |

| ☒ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. ___ ages ___ | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no. ___ ages ___ |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent  No. Yrs. 2Y | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|
| 127 BELLWOOD AVE Bellwood, IL 60104 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Name & Address of Employer  ☐ Self Employed | Yrs. on this job | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |
|---|---|---|---|
| EASTERSEALS 3280 S WELLS Chicago, IL 60609 | 6Y  Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| COUNSELING/ACTIVITY DIRECTOR | 312-432-4758 | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from-to) | Name & Address of Employer  ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer  ☐ Self Employed | Dates (from-to) | Name & Address of Employer  ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 07/05                Page 1 of 4                Fannie Mae Form 1003 07/05

1003 Page 1 of 53 - Encompass™ from Ellie Mae - www.elliemae.com

PAGE 23/28 * RCVD AT 4/3/2006 12:07:03 PM [Central Daylight Time] * SVR:FAXHADAL808/19 * DNIS:3228 * CSID:8305346608 * DURATION (mm-ss):08-40

#13 #15 #17 

Long Beach MDL 00392

Apr-10-06   07:57am   From-Long Beach ~~~~~age          630 616 5036       T-031  P.004/025  F-009

04/03/2006 11:14 FAX  8305346808        PROCESSING DEPT.                    ☑024/028

# PARK WEST MORTGAGE, INC.

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | 4,200.00 | | 4,200.00 | Rent | | |
| Overtime | | | | First Mortgage (P&I) | 1,316.00 | 1,181.55 |
| Bonuses | | | | Other Financing (P&I) | | 272.08 |
| Commissions | | | | Hazard Insurance | | 56.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 103.28 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | 900.00 | | 900.00 | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | 5,100.00 | | 5,100.00 | Total | 1,316.00 | 1,706.79 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Described Other Income Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | subject property rental income | 900.00 |

## ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person.   Completed ☐ Jointly  ☐ Not Jointly

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union LASALLE BANK | | AMERICAN GENERAL FINAN | 94.00 | 3,588.00 |
| | | Acct. no. 2552890102587160 | | |
| Acct. no. 5088571448 | 13,000.00 | Name and address of Company WFNNBHARLEM | 103.00 | 3,006.00 |
| Name and address of Bank, S&L, or Credit Union AIG VALIC | | | | |
| | | Acct. no. 56088708322 | | |
| Acct. no. 5976500 | 4,887.00 | Name and address of Company AMERICAN GENERAL FINAN | 56.00 | 2,082.00 |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 8552090109372572 | | |
| Acct. no. | | Name and address of Company NORDSTROMFSB | 20.00 | 262.00 |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 21543 | | |
| Acct. no. | | Name and address of Company WELLS FARGO | 1,316.00 | 150,058.00 |
| Stocks & Bonds (Company name/number & description) | | | | |
| | | Acct. no. | | |
| Life insurance net cash value | | Name and address of Company | $ Payment/Months | |
| Face amount $ | | | | |
| Subtotal Liquid Assets | 17,887.00 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | 165,000.00 | Name and address of Company | $ Payment/Months | |
| Vested interest in retirement fund | | | | |
| Net worth of business(es) owned (attach financial statement) | | Acct. no. | | |
| Automobiles owned (make and year) | | Alimony/Child Support/Separate Maintenance Payments Owed to: | | |
| Other Assets (itemize) | | Job-Related Expense (child care, union dues, etc.) | | |
| | | Total Monthly Payments | 1,597.30 | |
| Total Assets a. | 182,887.00 | | 13,937.00 | Total Liabilities b. | 158,950.00 |

Freddie Mac 65 07/05                                          Fannie Mae Form 1003 07/05
ALLREPT ETENDERE
1003 Page 2 0805 · Encompass™ from Elie Mae · www.elliemae.com          Page 2 of 4

PAGE 2 :/78 * RCVD AT 4/3/2006 12:07:33 PM [Central Daylight Time] * SVR:FAXMDAL/008/19 * DNIS:3228 * CSID:8305346808 * DURATION (mm-ss):03-40

Long Beach MDL 00393

Apr-10-05  07:57am  From-Long Beach Mortgage          630 616 5036     T-031  P.005/025  F-609

04/03/2008 11:14 FAX 6305346808          PROCESSING DEPT.                    ☐025/026

# PARK WEST MORTGAGE, INC.

### Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 427 BELLWOOD AVE Bellwood, IL 60104 | R | SFR | $ 165,000.00 | $ 165,000.00 | 1,250.00 | 1,315.30 | $ (INCLUDED) | $ -171 |
| | | | | | | | | |
| Totals | | $ 165,000.00 | $ 165,000.00 | $ 1,250.00 | $ 1,315.30 | $ | $ -171 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s).

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

### VII. DETAILS OF TRANSACTION / VIII. DECLARATIONS

| | | | | Borrower | Co-Borrower |
|---|---|---|---|---|---|
| | | | | Yes | No |
| a. Purchase Price | 165,000.00 | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | | | |
| b. Alterations, improvements, repairs | | a. Are there any outstanding judgments against you? | | ☐ | ☒ |
| c. Land (if acquired separately) | | b. Have you been declared bankrupt within the past 7 years? | | ☐ | ☒ |
| d. Refinance (incl. debts to be paid off) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | ☐ | ☒ |
| e. Estimated prepaid items | 576.59 | | | | |
| f. Estimated closing costs | 5,782.82 | d. Are you a party to a lawsuit? | | ☐ | ☒ |
| g. PMI, MIP, Funding Fee | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | | ☐ | ☒ |
| h. Discount (if Borrower will pay) | | | | | |
| i. Total costs (add items a through h) | 191,339.41 | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee? | | ☐ | ☒ |
| j. Subordinate financing | 37,000.00 | g. Are you obligated to pay alimony, child support, or separate maintenance? | | ☐ | ☒ |
| k. Borrower's closing costs paid by Seller | 6,010.00 | h. Is any part of the down payment borrowed? | | ☐ | ☒ |
| l. Other Credits (explain) | | i. Are you a co-maker or endorser on a note? | | ☐ | ☒ |
| CC from 2nd | 536.00 | | | | |
| | | j. Are you a U.S. citizen? | | ☒ | ☐ |
| | | k. Are you a permanent resident alien? | | ☐ | ☒ |
| | | l. Do you intend to occupy the property as your primary residence? | | ☐ | ☒ |
| | | m. Have you had an ownership interest in a property in the last three years? | | ☒ | ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 148,000.00 | (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | PR | | |
| n. PMI, MIP, Funding Fee financed | | (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | |
| o. Loan amount (add m & n) | 148,000.00 | | | | |
| p. Cash from / to Borrower (subtract j, k, l & o from i) | -708.59 | | | | |

### IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges, that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature...

[small print paragraph partially illegible]

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X /000 ± ... | 4/2/00 | X | |

### X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws...

| BORROWER ☐ I do not wish to furnish this information | CO-BORROWER ☐ I do not wish to furnish this information |
|---|---|
| Ethnicity: ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | Ethnicity: ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| Race: ☐ American Indian or Alaska Native  ☐ Asian  ☒ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White | Race: ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| Sex: ☐ Female  ☒ Male | Sex: ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) Brett Cluc | Name and Address of Interviewer's Employer PARK WEST MORTGAGE, INC. |
|---|---|---|
| This application was taken by: | Interviewer's Signature | 2111 W. DIVISION |
| ☒ Face-to-face interview | | CHICAGO, IL 60622 |
| ☐ Mail | | (P) 773-278-0500 |
| ☐ Telephone | Interviewer's Phone Number (incl. area code) | (F) 773-278-3693 |
| ☐ Internet | 773-278-0500 | |

ALBERT STINSON

Freddie Mac Form 65  07/05          Page 3 of 4          Fannie Mae Form 1003 07/05

1003 Page 3 08/05 • Encompass™ from Elie Mae • www.elliemae.com

PAGE 25/28 * RCVD AT 4/3/2006 12:07:33 PM [Central Daylight Time] * SVR:PAXHDAL00/19 * DNIS:9228 * CSID:6305346808 * DURATION (mm-ss):05-40

Long Beach MDL 00394

Apr-10-06  07:59am  From-Long Beach Mortgage                    630 616 5036        T-031  P.006/025  F-009

04/03/2006 11:15 FAX  6305948609          PROCESSING DEPT.                        ☑026/028

## PARK WEST MORTGAGE, INC.

### Continuation Sheet Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: ALBERT STINSON | Agency Case Number: |
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
| X  *Albert Stinson* | 4/12/06 | X | |

Freddie Mac 65 07/05                                                    Page 4 of 4                                      Fannie Mae Form 1003 07/05
1003 Page 4 05/06 – EXZORpass™ 2020 Ellie Mae – www.elliemae.com

PAGE 26/28 * RCVD AT 4/3/2006 12:07:03 PM [Central Daylight Time] * SVR:FAXHDALBGH19 * DNIS:X228 * CSID:6305948609 * DURATION (mm-ss):08-40

Long Beach MDL 00395

04/11/2006 11:52 FAX 6305346608    PROCESSING DEPT.    @004/011



PARKWEST MORTGAGE, INC.

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.
If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below).

| Borrower | Co-Borrower |
|---|---|

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA ☒ Conventional ☐ Other (explain): | | Agency Case Number | | Lender Case Number |
|---|---|---|---|---|---|
| | ☐ FHA ☐ USDA/Rural Housing Service | | | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate ☐ Other (explain): |
|---|---|---|---|---|
| $ 148,000.00 | 8.300 % | 480 | ☐ GPM ☒ ARM (type): 6/28 | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | No. of Units |
|---|---|
| 8402 S SHIELDS AVE, CHICAGO, IL 60620 County: Cook | 2 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| SEE TITLE | 1950 |

| Purpose of Loan: ☒ Purchase ☐ Construction ☐ Other (explain): | Property will be: |
|---|---|
| ☐ Refinance ☐ Construction-Permanent | ☒ Primary Residence ☐ Secondary Residence ☐ Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost $ |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| ALBERT STINSON, LAWRENCE REDDIT | JOINT TENANTS | ☒ Fee Simple ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|
| Checking/Savings |

## III. BORROWER INFORMATION

| | Borrower | | | Co-Borrower | |
|---|---|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | ALBERT STINSON | | | Co-Borrower's Name (include Jr. or Sr. if applicable) | |
| Social Security Number | 387-XX-XXXX | Home Phone (incl. area code) 708-547-0614 | DOB (MM/DD/YYYY) 05/28/1972 Age 16 | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
| ☒ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. 1 ages NONE | | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. ages | |
| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent No. Yrs. 437 BELLWOOD AVE Bellwood, IL 60104 3Y | | | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | | |
| Mailing Address, if different from Present Address | | | Mailing Address, if different from Present Address | | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer | ☐ Self Employed | Yrs. on this job | Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
| EASTERSEALS 3630 S WELLS Chicago, IL 60609 | | Yrs. employed in this line of work/profession 8 | | | |
| Position/Title/Type of Business COUNSELING/ACTIVITY DIRECTOR | Business Phone (incl. area code) 312-808-5781 | | Position/Title/Type of Business | Business Phone (incl. area code) | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | | Position/Title/Type of Business | Business Phone (incl. area code) | |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | | Position/Title/Type of Business | Business Phone (incl. area code) | |

Freddie Mac 65 07/05    Page 1 of 4    Fannie Mae Form 1003 07/05

1003 Page 1 08/05 – Encompass™ from Ellie Mae – www.elliemae.com

Long Beach MDL 00396

04/11/2008 11:52 FAX  6305346608          PROCESSING DEPT.                    ☑ 005/011

## PARK WEST MORTGAGE, INC.

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | 4,200.00 | | 4,200.00 | Rent | | |
| Overtime | | | | First Mortgage (P&I) | 1,316.00 | 1,181.88 |
| Bonuses | | | | Other Financing (P&I) | | 372.06 |
| Commissions | | | | Hazard Insurance | | 50.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 193.68 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | 900.00 | | 900.00 | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | 5,100.00 | | 5,100.00 | Total | 1,316.00 | 1,708.79 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | SUBJECT PROPERTY RENTAL INCOME | 900.00 |

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.   Completed ☐ Jointly ☒ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase held by: | | | LIABILITIES | | |
| | | Name and address of Company   AMERICAN GENERAL FINAN | | $ Payment/Months   94.00 | $ 3,890.00 |
| List checking and savings accounts below | | | | | |
| Name and address of Bank, S&L, or Credit Union   LASALLE BANK | | Acct. no. 20600010209715500 | | | |
| | | Name and address of Company   WFNNB/HARLEM | | $ Payment/Months   100.00 | $ 1,005.00 |
| Acct. no. 5303674448 | $ 15,000.00 | | | | |
| Name and address of Bank, S&L, or Credit Union   ING VALUE | | Acct. no. 85837062539 | | | |
| | | Name and address of Company   AMERICAN GENERAL FINAN | | $ Payment/Months   58.00 | $ 2,053.00 |
| Acct. no. 8875060 | $ 4,857.00 | | | | |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. 20229011003728729 | | | |
| | | Name and address of Company   NORDSTROM/FSB | | $ Payment/Months   20.00 | $ 293.00 |
| Acct. no. | | | | | |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. 21848 | | | |
| | | Name and address of Company   WELLS FARGO | | $ Payment/Months   1,313.50 | $ 150,000.00 |
| Acct. no. | | | | | |
| Stocks & Bonds (Company name/number & description) | $ | Acct. no. | | | |
| | | Name and address of Company | | $ Payment/Months | |
| Life insurance net cash value | | | | | |
| Face amount: $ | | | | | |
| Subtotal Liquid Assets | $ 17,857.00 | Acct. no. | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 165,000.00 | Name and address of Company | | $ Payment/Months | |
| Vested interest in retirement fund | $ | | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | | |
| Automobiles owned (make and year) | $ | Acct. no. | | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | | | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | | | |
| | | Total Monthly Payments | | 1,697.30 | |
| Total Assets a. | 182,857.00 | Net Worth (a minus b) $   13,037.00 | Total Liabilities b. | | 156,950.00 |

Freddie Mac 65 07/06                                                    Page 7 of 8                                    Fannie Mae Form 1003 07/00
ALIMENT STRNBCPL
1003 Page 2 0065 – Encompass™ from Elie Mae – www.elliemae.com

Long Beach MDL 00397

04/11/2006 11:52 FAX 6305346608    PROCESSING DEPT.    @006/011

## PARK WEST MORTGAGE, INC

| Property Address | Type of Property | Present Market Value | Gross Rental Income | Mortgage Payments | Insurance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|
| 127 BELLWOOD AVE Bellwood, IL 60104 | SFR | $ 185,000.00 | $ 185,000.00 | $ 1,250.00 | 1,318.20 | $(INCLUDED) | -171 |
| Totals | | $ 185,000.00 | $ 185,000.00 | $ 1,250.00 | $ 1,318.20 | $ | -171 |

| a. Purchase Price | 185,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 591.80 |
| f. Estimated closing costs | 8,516.93 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if borrower will pay) | |
| i. Total costs (add items a through h) | 193,106.73 |
| j. Subordinate financing | 37,000.00 |
| k. Borrower's closing costs paid by Seller | 7,162.93 |
| l. Other Credits (Explain) CC from 2nd | <135.00> |
| m. Loan amount (include PMI, MIP, Funding Fee if financed) | 148,002.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 148,000.00 |
| p. Cash from/to Borrower | 891.80 |

ALBERT STINSON

Fannie Mae Form 1003 07/05

Long Beach MDL 00398

# EXHIBIT C



Loan No. 6519046-7923

# 1-4 FAMILY RIDER
## Assignment of Rents

THIS 1-4 FAMILY RIDER is made this **25th** day of **July** **2005** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

**190 LITTLEFIELD STREET**
**PAWTUCKET, RI  02861**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. **ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

B. **USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

C. **SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

D. **RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

E. **"BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant 18 is deleted.

F. **BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument          Form 3170 3/93

Page 1 of 2

-57 (9304).01          VMP MORTGAGE FORMS - (800)521-7291          Initials: _____

1057-1 (05/24/99) PC





Loan No. 6519046-7923

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

| _____ (Seal) | _____ (Seal) |
|---|---|
| LAWRENCE BALMFORTH | -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| CHARLENE SULLIVAN | -Borrower | -Borrower |

-157 (9304)

1057-2 (05/24/99) PC

Page 2 of 2

Form 3170 3/93