IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | * * * * * * | MDL CASE NO. 07 CV 06543 |
| _____ | * * * | Centralized before Judge Wayne R. Andersen |
| THIS DOCUMENT RELATES TO | * * | |
| *Navara v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 05-0864 | * * * | |
| *Carye v. Long Beach Mortgage Co.* U.S.D.C., D. Mass., Civil Action No. 06-10887 (N.D. Ill. Civil Action No. 07-06544) | * * * * | |
| *Shelton v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 06-2323 | * * * | |

*********************************************

**LONG BEACH'S MOTION TO SET EVIDENTIARY
HEARING ON CLASS CERTIFICATION OR, IN THE
<u>ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Defendant Washington Mutual Bank f/k/a Long Beach Mortgage Company ("Long Beach") requests that the Court schedule an evidentiary hearing on Plaintiffs' motion for class certification. In the alternative, Long Beach requests leave to file a sur-reply to respond to the new and substantial issues and arguments raised in Plaintiffs' reply brief in support of class certification. In support of this motion, Long Beach states as follows:

1. On February 11, 2005, Guadalupe Navara filed a complaint against Long Beach in which she sought to represent a class of persons in a claim relating to whether Long Beach's

1

use of a "1-4 Family Rider" violated the Truth in Lending Act ("TILA").  On April 26, 2006, Eric Shelton filed a similar complaint against Long Beach in which he, too, sought to be appointed representative of a class.  In November 2007, the Judicial Panel on MultiDistrict Litigation transferred the Navara and Shelton class actions, along with a third class action originally filed by plaintiff Ronald Carye in Massachusetts and an individual action filed in Wisconsin, to this Court for consolidated MDL proceedings.

2.  On March 19, 2008, Plaintiffs' filed a motion for class certification, seeking certification of two plaintiff classes with Ms. Navara, Mr. Shelton, Mr. Albert Stinson, Ms. Mirlaine Jeune, and Ms. Charlene Sullivan acting as proposed class representatives.  (Dkt. No. 28).  Long Beach filed an opposition to Plaintiffs' motion on June 11, noting among other things that the class should not be certified because it was impossible to determine on a class-wide basis whether any particular class member's transaction was subject to TILA.  (Dkt. No. 44).  Also, on that same day, Long Beach filed a motion for partial summary judgment, seeking dismissal of the TILA claims asserted by the named Plaintiffs.  (Dkt. No. 42).

3.  In their reply brief on class certification filed July 1, 2008, Plaintiffs abruptly announced that Ms. Navara and Mr. Shelton -- who had litigated their claims for almost three years -- were withdrawing their request to act as class representatives.  (Dkt. No. 51, at 4-5). With respect to Ms. Navara, Plaintiffs asserted only that they did not want to distract the parties from the merits of their claims "by litigating Ms. Navara's adequacy."  (*Id.* at 5).  They offered no explanation whatsoever as to why Mr. Shelton was suddenly abandoning his request to represent the class.

4.  The withdrawal of Ms. Navara and Mr. Shelton of their request to act as class representative is a significant development in this case that is relevant to the typicality, adequacy,

and predominance elements of Rule 23. At this point, Long Beach can only surmise that Ms. Navara and Mr. Shelton are withdrawing in light of the evidence offered by Long Beach in its class certification opposition brief and its motion for summary judgment that they are prime examples of why a class cannot be certified. Consequently, Long Beach suggests that an oral evidentiary hearing at which Ms. Navara and Mr. Shelton testify as to the reason(s) for their withdrawal would benefit the Court in ruling on class certification.

5. In the event that the Court does not find that an oral evidentiary hearing would be beneficial, Long Beach requests leave to submit a sur-reply that would clarify and address the issues raised by Plaintiffs' reply brief. In addition to the issue described above, Plaintiffs seek to offer new class definitions in response to Long Beach's argument that their prior proposed definitions were deficient. Yet Plaintiffs insist on proposing a Massachusetts sub-class even though there is no longer a Massachusetts plaintiff with standing to pursue a claim on behalf of a Massachusetts-only class, as Ms. Jeune's counsel indicated that she would voluntarily dismiss her claim. Long Beach believes that a sur-reply would provide the Court with a complete record on this issue and other items asserted in Plaintiffs' reply.

6. Long Beach further requests that, prior to the time such sur-reply is due, Plaintiffs present Ms. Navara and Mr. Shelton for deposition at Plaintiffs' cost so that Long Beach can explore the reasons for their abandonment of their request to act as class representatives.

WHEREFORE, Long Beach respectfully requests that this Court schedule an evidentiary hearing on Plaintiffs' motion for class certification. Long Beach proposes that the hearing should take place after August 1, 2008, the date by which the parties will have completed briefing Long Beach's motion for partial summary judgment.

In the alternative, Long Beach requests leave to file a sur-reply to address the issues and contentions raised in Plaintiffs' reply brief, and order that Plaintiffs present Ms. Navara and Mr. Shelton for deposition at Plaintiffs' cost to testify about their reasons for withdrawal.

Dated: July 2, 2008                    Respectfully submitted,

                                       Washington Mutual Bank
                                       f/k/a Long Beach Mortgage Company


                                By:    /s/ Gabriel A. Crowson
                                       Matthew M. Neumeier
                                       Scott T. Schutte
                                       Gabriel A. Crowson
                                       HOWREY LLP
                                       321 N. Clark St. Suite 3400
                                       Chicago, IL 60610
                                       Telephone: (312) 595-1239
                                       Fax: (312) 595-2250
                                       Email: neumeierm@howrey.com
                                              schuttes@howrey.com
                                              crowsong@howrey.com

**CERTIFICATE OF SERVICE**

  I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Long Beach's Motion to Set Evidentiary Hearing on Class Certification or, In the Alternative, Motion for Leave to File Sur-reply has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 2nd day of July, 2008.

              /s/ Gabriel A. Crowson
              Gabriel A. Crowson