IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION ) ) ) ) ) | MDL 07-cv-06543 |
| THIS DOCUMENT RELATES TO NAVARA & STINSON, JEUNE, SULLIVAN, & SHELTON ) ) ) ) ) | Centralized before Judge Wayne R. Andersen |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO SET EVIDENTIARY HEARING ON CLASS CERTIFICATION OR,
IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

## INTRODUCTION

Defendant's motion is merely an attempt to distract the Court from the strength of plaintiffs' motion for class certification and is completely irrelevant to deciding plaintiffs' motion for class certification.

Defendant has requested an evidentiary hearing, or, in the alternative, leave to file a sur-reply because of what it describes as "new and substantial issues and arguments raised in Plaintiffs' reply brief in support of class certification." But Long Beach fails to identify any new issues or arguments raised by plaintiff in its motion.

Rather, it correctly points out that plaintiffs actually narrowed the issues in the case by moving to withdraw two potential class representatives and redefining the putative classes, of which Ms. Navara would no longer be a member.

This provides no reason whatsoever to hold an evidentiary hearing or continue

1

briefing class certification. In fact, quite the opposite is true: by moving to withdraw two potential class representatives and narrowing the class definitions, plaintiffs have removed issues from consideration, not added. Defendant's motion is an exercise in irrelevance that the Court should deny.

## ARGUMENT

### I. Evidentiary hearings of Ms. Navara and Mr. Shelton would serve no purpose.

Defendant specifically requests that the Court hold an "evidentiary hearing at which Ms. Navara and Mr. Shelton testify as to the reason(s) for their withdrawal." Defendant suggests this "would benefit the Court in ruling on class certification." But an evidentiary hearing would provide exactly zero benefit to the Court in ruling on class certification because the effect of withdrawing as class representatives removes the need to gather evidence related to these individuals. Granting defendant's request for an evidentiary hearing would serve no purpose other than to waste the Court's time.

Plus, Ms. Navara is not a member of either redefined proposed class; thus, she cannot serve as a class representative.

Moreover, plaintiffs already provided defendant and the Court with their reason for moving to withdraw Ms. Navara and Mr. Shelton—to prevent defendant from distracting the Court from the merits of plaintiffs' motion for class certification. The decision to avoid unnecessary litigation over their individual circumstances decision was particularly appropriate given that the classes may still be adequately represented by existing named plaintiffs. In other words, Ms. Navara and Mr. Shelton were effectively superfluous class representatives because class members' rights are still fully protected and represented without them as named plaintiffs.

By moving to withdraw Ms. Navara and Mr. Shelton as class representatives, plaintiffs reduced the complexity and quantity of the issues in this case. But their withdrawals, combined with the more narrowly defined classes, leave Long Beach with no room to oppose the motion for class certification. Thus, it attempts here to distract the Court with matters not relevant to plaintiffs' motion for class certification.

## II.　Defendant's have not provided any support for their motion to file a sur-reply.

Granting defendant leave to file a sur-reply to plaintiffs' motion for class certification would be inappropriate because plaintiffs introduced no new issues in their reply brief. Again, the opposite is true: plaintiffs actually narrowed the issues for the Court and defendant to consider. Accordingly, there exists no reason for defendant to file a sur-reply.

## III.　Plaintiffs' proposed class definitions are appropriate given the current class representatives.

Plaintiffs continue to propose a Massachusetts-specific class because there remains a named Massachusetts plaintiff.

## IV.　Additional depositions of Ms. Navara and Mr. Shelton are completely unwarranted and inappropriate.

Defendant's request to depose Ms. Navara and Mr. Shelton at plaintiffs' expense to explore the reasons for their withdrawals is preposterous. Not only are the reasons for their withdrawals irrelevant, plaintiffs already provided the reasons. The depositions could not possibly serve any relevant function or aid the litigation in any way. Furthermore, defendant has already conducted written and oral discovery of Ms. Navara and Mr. Shelton.

3

## CONCLUSION

Defendant's motion to litigate moot and irrelevant issues should be swiftly denied.

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, hereby certify that on July 15, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent *via* US mail to those without access to the Court's electronic filing system.

Rogelio A. Astudillo
Astudillo Consulting Services
2304 Frontera Road
McAllen, TX 78504

Law Department
New Millennium Mortgage
1700 Park Street Suite 203
Naperville, IL 60563

Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

s/Michael J. Aschenbrener
Michael J. Aschenbrener