**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | ) ) ) ) )    MDL 07-cv-06543 |
| ――――――――――――――――――― | ) ) |
| THIS DOCUMENT RELATES TO NAVARA & STINSON, JEUNE, SULLIVAN, & SHELTON | )    Centralized before Judge )    Wayne R. Andersen ) ) ) |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1(a)(3) of the Rules of the U.S. District Court for the Northern District of Illinois, plaintiffs submit the following Response to Defendant's statement of material facts:

**Parties, Jurisdiction, and Venue**

1.    Plaintiff Guadalupe Navara is a resident of Chicago, Illinois.  (Exh. 1, Deposition of Guadalupe Navara (the "Navara Dep.") at Page 48, Line 16).

RESPONSE:  Admitted.

2.    Plaintiff Albert Stinson is a resident of Chicago, Illinois.  (Exh. 2, Deposition of Albert Stinson (the "Stinson Dep.") at Page 26, Lines 14-15).

RESPONSE:  Admitted.

3.    Plaintiff Eric Shelton is a resident of Chicago, Illinois.  (Exh. 3, Deposition of Eric Shelton (the "Shelton Dep.") at Page 6, Lines 20-24).

RESPONSE:  Admitted.

4.    Plaintiff Charlene Sullivan is a resident of Pawtucket, Rhode Island.  (Exh. 4, Deposition of Charlene Sullivan (the "Sullivan Dep."), at Page 10, Lines 20-24).

1

<u>RESPONSE</u>:  Admitted.

5.      Defendant Washington Mutual Bank, formerly Long Beach Mortgage Company, is a federal savings association with its principal place of business in Henderson, Nevada. (Answer, Dkt. No. 20, ¶ 8).

<u>RESPONSE</u>:  Admitted.

6.      In the Consolidated Class Action Complaint, Plaintiffs assert claims against Long Beach for alleged violations of the federal Truth In Lending Act.  (Cons. Compl., Dkt. No. 19, ¶¶ 26-29).  The Court thus has federal question jurisdiction under 28 U.S.C. § 1331.  (Answer, Dkt. No. 20, ¶ 2).

<u>RESPONSE</u>:  Admitted.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391.  (Answer, Dkt. No. 20, ¶ 2).

<u>RESPONSE</u>:  Admitted.

<u>**Facts**</u>

A.      **Plaintiff Guadalupe Navara**

8.      On April 29, 2004, Ms. Navara obtained a $50,000 mortgage loan from Long Beach that was secured by real property located at 2715 S. Kostner, Chicago, Illinois.  (*See* Answer, Dkt. No. 20, ¶ 9; *see also* Cons. Compl., Exh. C).

<u>RESPONSE</u>:  Admitted.

9.      As part of her mortgage loan, Ms. Navara executed a 1-4 Family Rider.  (Cons. Compl., Exh. C).

<u>RESPONSE</u>:  Admitted.

10.      The property at 2715 S. Kostner consists of one building with two apartments and a coach house, and Ms. Navara leases the two apartments for rental income.  (Exh. 1, Navara Dep. 46:4-24, 48:21-24).

<u>RESPONSE</u>:  Admitted.

11.      In each of her tax returns for 2003 through 2005, Ms. Navara listed properties at 2715 S. Kostner and 2843 Drake Avenue in Chicago as "rental real estate property" on line 1 of

2

the supplemental income schedule. (Exh. 5 Income Tax Return for 2005, at ECL&G 135; Exh. 6 Income Tax Return for 2004, at ECL&G 142; Exh. 7, Income Tax Return for 2003, at ECL&G 152).

    RESPONSE:  Admitted.

12.    When asked whether she used the rental properties listed in line 1 for personal purposes, Ms. Navara checked the box marked "No." (Exh. 5, at ECL&G 135; Exh. 6, at ECL&G 142; Exh. 7, at ECL&G 152).

    RESPONSE:  Admitted.

13.    By checking "No" on the supplemental income schedule, Ms. Navara was able to deduct the expenses incurred in connection with her rental real estate properties. (Exh. 5, at ECL&G 135; Exh. 6, at ECL&G 142; Exh. 7, at ECL&G 152).

    RESPONSE:  Plaintiffs object to this fact as it calls for a conclusion of tax law.

14.    Ms. Navara's only source of income comes from the rental income generated by the two apartments at 2715 S. Kostner and separate rental property at 2843 Drake Avenue. (Exh. 1, Navara Dep. 46:24; *see also* Exhs. 5, 6, and 7).

    RESPONSE:  Admitted.

15.    In 2005, Ms. Navara did not report any income on her tax return other than the net income from her rental real estate properties. (Exh. 5, at ECL&G 133, 135).

    RESPONSE:  Admitted.

16.    In 2004, Ms. Navara reported $47 in taxable interest and the remainder of her income was derived from the net income from her rental real estate properties. (Exh. 6, at ECL&G 140, 142).

    RESPONSE:  Admitted.

17.    In 2003, Ms. Navara reported $41 in wages and $24 in taxable interest, and the remainder of her income was derived from the net income from her rental real estate properties. (Exh. 7, at ECL&G 150, 152).

    RESPONSE:  Admitted.

18.    Ms. Navara's primary occupation entails managing and renting the apartments. (Exh. 1, Navara Dep. 67:19).

RESPONSE:  Admitted.

**B.    Plaintiff Albert Stinson**

19.    On April 12, 2006, Mr. Stinson executed two 1-4 Family Rider forms in connection two mortgage loans that he obtained from Long Beach secured by real property located at 5402 S. Shields Avenue, Chicago, Illinois.  (Answer, Dkt. No. 20, ¶ 12; Consl. Compl., Exhs. F and I).

RESPONSE:  Admitted.

20.    Mr. Stinson never lived at the 5402 S. Shields property.  (Exh. 2, Stinson Dep. 27:13, 31:20-24; 58:13).

RESPONSE:  Admitted.

21.    During the time that he did own 5402 S. Shields, Mr. Stinson leased the property to a tenant to make the monthly mortgage payment.  (*Id.* 58:18-24, 59:1-14).

RESPONSE:  Admitted.

22.    In his 2006 income tax return, Mr. Stinson listed the property at 5402 S. Shields in line 1 of the supplemental income schedule as "rental real estate property."  (Exh. 8, U.S. Individual Income Tax Return for 2006, at 4).

RESPONSE:  Admitted.

23.    When asked whether he used the proeprty listed in line 1 for personal purposes, Mr. Stinson checked the box marked "No."  (*Id.*)

RESPONSE:  Admitted.

24.    Mr. Stinson reported a loss against his income based on expenses associated with 5402 S. Shields.  (*Id.* at 1, 4).

RESPONSE:  Admitted.

**C.    Plaintiff Eric Shelton**

25.    Mr. Shelton obtained a mortgage loan from Long Beach in July 2005 to finance the purchase of a building at 6800 S. Artesian Avenue, Chicago, Illinois.  (Answer, Dkt. No., ¶ 16).

RESPONSE:   Admitted.

26.     Mr. Shelton executed a 1-4 Family Rider in connection with his mortgage loan. (Cons. Compl., Exh. K).

RESPONSE:   Admitted.

27.     Mr. Shelton purchased the property at 6800 S. Artesian to help out his friend (Michael Bibbs) who was the beneficial owner of the property due to an inheritance.  (Exh. 3, Shelton Dep. 10:3-19, 12:5-24, 13:1-22).

RESPONSE:   Admitted.

28.     Mr. Shelton bought the building at 6800 S. Artesian solely to help out his friend, Mr. Bibbs.  (*Id.* 139:15-21).

RESPONSE:   Denied.  Mr. Shelton did not purchase the property solely to help

out his friend.  He also purchased the property to have a place to

live and to obtain Mr. Bibbs' assistance with his healthcare.  (Def.

Exh. 3, Shelton Dep. 15:18-20, 144:14-24, 145:1-3).

29.     Mr. Bibbs needed a buyer for the property so that he could get access to the building from a relative who was preventing Mr. Bibbs from residing at the property.  (*Id.* 14:12-19, 15:3-10).

RESPONSE:   Plaintiffs object to this fact as immaterial and irrelevant, but

otherwise admit.

30.     As a result, another friend of Mr. Bibbs and Mr. Shelton (Andre Colbert) made the arrangements with a realtor (Michelle Smith) for Mr. Shelton to act as the purchaser due to his supposed good credit.  (*Id.* 12:5-24, 13:1-24, 14:1-24, 15:1-17).

RESPONSE:   Plaintiffs object to this fact as immaterial and irrelevant, but

otherwise admit.

31.     When Mr. Shelton was first approached about buying the 6800 S. Artesian building, he did not intend to move into the property and live there but instead was just going to rent it out.  (*Id.* 144:14-23, 146:10-19, 148:7-11).

> RESPONSE:   Denied to the extend this implies that Mr. Shelton's purpose in
>
> purchasing the property was for reasons other than his residence.  Mr.
>
> Shelton purchased the property to use as his personal residence and agreed
>
> to allow Mr. Bibbs to reside with him if Mr. Bibbs agreed to assist Mr.
>
> Shelton with his medical care.  (*See* 15:18-20, 144:14-24, 145:1-3, 146:10-
>
> 24, 147:1-13).

32.     At the time of this purchase, Mr. Shelton's only source of income was the $500 in social security benefits that he received each month, as he has never worked a day in his life. (*Id*. 18:2-4, 22:9-24, 23:1-6, 105:13).

> RESPONSE:   Admitted.

33.     At the time of the purchase, Mr. Shelton anticipated that he would derive income to make the monthly mortgage payment with $700 in rental income from a second floor tenant and $500 in rental income from Mr. Bibbs.  (*Id*. 9:10-23, 16:9-20, 18:7-11, 22:14-18, 105:18-24).

> RESPONSE:   Admitted.

**D.     Plaintiff Charlene Sullivan**

34.     In July 2005, Ms. Sullivan obtained a mortgage loan from Long Beach that was secured by real property located at 190 Littlefield Street in Pawtucket, Rhode Island.  (Answer, Dkt. No. 20, ¶ 19).

> RESPONSE:   Admitted.

35.     As part of her Long Beach mortgage loan, Ms. Sullivan executed a 1-4 Family Rider.  (Consol. Cmpl., Exh. N).

> RESPONSE:   Admitted.

36.     The loan was used to re-finance two mortgage loans that Ms. Sullivan obtained when she first bought the property.  (Exh. 4, Sullivan Dep. 20:19-20, 38:15-16).

> RESPONSE:   Admitted.

37.     On May 16, 2007, Ms. Sullivan commenced a Chapter 7 bankruptcy proceeding

with the U.S. Bankruptcy Court for the District of Rhode Island. (*D.* 24:7-16; *see also* Exh. 9, excerpts from Chapter 7 Voluntary Petition, Case No. 1:07-BK-10899).

> RESPONSE: Admitted.

38.    In one of her schedules to the bankruptcy petition, Ms. Sullivan disclosed her lawsuit against Long Beach as an asset of her estate. (Exh. 9, at Schedule B, item 35).

> RESPONSE: Admitted.

39.    In August 2007, Ms. Sullivan obtained a discharge from the Bankruptcy Court, and the trustee never formally abandoned Ms. Sullivan's claim against Long Beach. (*See* Exh. 10, Sullivan Bankruptcy Court docket sheet; *see also* Exh. 11, Aug. 14, 2007 Order Discharging Debtor).

> RESPONSE: Denied to the extent this fact implies the claim was not abandoned
> by the estate. It is true that the trustee took no action to abandon
> Ms. Sullivan's claim. But because the claim was properly
> scheduled, the trustee was not required to take affirmative steps to
> formally abandon her claim. *Morlan v. Universal Guaranty Life
> Insurance Co.*, 298 F.3d 609, 618 (7th Cir. 2002). Thus, the
> trustee effectively abandoned her claim.

**Additional Facts Supplemented by Plaintiffs**

A.    **Plaintiff Navara.**

40.    Ms. Navara has owned and lived at the property at 2715 S. Kostner since 1970. (Def. Exh. 1, Navara Dep., 51:20-24, 52:1-52:13).

41.    Ms. Navara's tax returns indicate her home address is 2715 S. Kostner. (Def. Exh. 5, Income Tax Return for 2005, at ECL&G 133; Def. Exh. 6, Income Tax Return for 2004, at ECL&G 140; Def. Exh. 7, Income Tax Return for 2003, at ECL&G 150.)

42.     Ms. Navara did not prepare her own tax returns. She hired Richard Rylewicz of Berwyn, Illinois to prepare her returns in 2003, 2004, and 2005. (Def. Exh. 7, at ECL&G 148; Def. Exh. 6, at ECL&G 139; and, Def. Exh. 5, at ECL&G 129).

43.     Ms. Navara is a retired factory worker. (Def. Exh. 1, Navara Dep. 45:19-24, 46:1, 47:1-7).

44.     Ms. Navara collected $11,200 in 2003, $11,200 in 2004, and $12,300 in 2005 in rent from the property at 2715 S. Kostner. (Def. Exh. 7, at ECL&G 152; Def. Exh. 6, at ECL&G 142; and, Def. Exh. 5, at ECL&G 135).

45.     Ms. Navara stated on her loan application that her purpose for obtaining the loan was personal, not business. (Ex. A, Navara Loan Application & Occupancy Agreement).

**B.     Plaintiff Stinson.**

46.     Mr. Stinson did not move in to the property at 5402 S. Shields in an effort to save his marriage. (Def. Exh. 2, Stinson Dep. 27:6-20).

47.     Mr. Stinson was employed at the time he obtained the loans from Long Beach at Easter Seals Metropolitan Chicago as an assistant teacher at the organization's school for autistic children. (Def. Exh. 2, Stinson Dep. 24:7-24, 25:1).

48.     Mr. Stinson earned $23,411 in wages at Easter Seals in 2006. (Def. Exh. 8, Stinson 2006 Tax Return).

49.     Mr. Stinson collected $3,000 in rents from the property at 5402 S. Shields in 2006. (Def. Exh. 8, Stinson 2006 Tax Return).

50.     Mr. Stinson's two loans obtained from Long Beach totaled $185,000. (Ex. B, Selected Stinson Mortgage Documents).

8

51.    Mr. Stinson stated on his loan application that his purpose for obtaining the loans was personal, not business.  (Ex. C, Stinson Loan Application & Occupancy Agreement).

52.    Mr. Stinson collected $750 per month in rent.  (Def. Exh. 2, Stinson Dep. 58:16-24, 59:1-14).

53.    Mr. Stinson's monthly mortgage payments totaled $1,553.72.  (Ex. B, Selected Stinson Mortgage Documents).

## C.    Plaintiff Shelton.

54.    Mr. Shelton has a prosthetic eye and uses a wheelchair. (Def. Exh. 3, Shelton Dep. 27:3-9).

55.    Mr. Shelton requires assistance in performing physical tasks and with his financial dealings.  (Def. Exh. 3, Shelton Dep. 27:3-24, 28:1-24, 29:1-23)

56.    In connection with the loan for the building, Long Beach received a Uniform Loan Application indicating Mr. Shelton's intention to use the property as his principal residence. (Ex. D, Shelton Loan Application).

57.    Mr. Shelton moved into and remained living in the property until he discovered that his mortgage payments to Washington Mutual were greater than expected. (Def. Exh. 3, Shelton Dep. 19:15-18, 20:11-24, 21:1-4).

58.    Mr. Shelton collected, at most, two months of rent payments from Mr. Bibbs and the building's other tenant.  (*See* Def. Exh. 3, Shelton Dep. 16:1-24, 17:1-24, 18:1-24, 19:1-24, 20:1-24, 21:1-24).

59.    The amount of the loan for which Mr. Shelton applied was $205,000.  (Ex. D,

Shelton Loan Application).

60.    Mr. Shelton collected $1,200 per month in rent payments.  (Def. Exh. 3, Shelton Dep. 16:1-20).

61.    Mr. Shelton's monthly mortgage payment was approximately $1,800.  (Def. Exh. 3, Shelton Dep. 17:16-20).

62.    Mr. Shelton intended to move in to the property with Mr. Bibbs, who was to assist Mr. Shelton with his health care needs.  (Def. Exh. 3, Shelton Dep. 144:17-24, 145:1-3).

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000
(708) 841-8080 (FAX)

CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, hereby certify that on July 18, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent *via* US mail to those without access to the Court's electronic filing system.

Rogelio A. Astudillo
Astudillo Consulting Services
2304 Frontera Road
McAllen, TX 78504

Law Department
New Millennium Mortgage
1700 Park Street Suite 203
Naperville, IL 60563

Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

s/Michael J. Aschenbrener
Michael J. Aschenbrener

# EXHIBIT A

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA ☒ Conventional ☐ Other: ☐ FHA ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount $ 50,000.00 | Interest Rate 9.300 % | No. of Months 360 | Amortization Type: ☒ Fixed Rate ☐ Other (explain): ☐ GPM ☐ ARM (type): |
|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state & zip code)
**2715 S. KOSTNER AVE, CHICAGO, IL 60623**

County: **COOK**  No. of Units: **3**

Legal Description of Subject Property (attach description if necessary)
**SEE PRELIMINARY TITLE REPORT**

Year Built: **1911**

Purpose of Loan: ☐ Purchase ☐ Construction ☐ Other (explain): ☒ Refinance ☐ Construction-Permanent

Property will be: ☒ Primary Residence ☐ Secondary Residence ☐ Investment

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired 1970 | Original Cost $ 14,500 | Amount Existing Liens $ 17,000 | Purpose of Refinance CASH OUT | Describe Improvements ☒ made ☐ to be made Cost: $ |
|---|---|---|---|---|

Title will be held in what Name(s)
**GUADALUPE NAVARA**

Manner in which Title will be held

Estate will be held in:
☒ Fee Simple
☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
**Checking/Saving**

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) **GUADALUPE NAVARA** | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Social Security Number **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** Home Phone (incl. area code) **(773) 762-0685** DOB (MM/DD/YYYY) **12/12/1942** Yrs. School **4** | Social Security Number Home Phone (incl. area code) DOB (MM/DD/YYYY) Yrs. School |
| ☐ Married ☒ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. **0** ages | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. ages |
| Present Address (street, city, state, zip code) ☒ Own ☐ Rent **30** No. Yrs. **2715 S. KOSTNER AVE CHICAGO, IL 60623** | Present Address (street, city, state, zip code) ☐ Own ☐ Rent No. Yrs. |
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, zip code) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, zip code) ☐ Own ☐ Rent No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Name & Address of Employer **RETIRED** ☐ Self Employed | Yrs. on this job / Yrs. employed in this line of work/profession | Name & Address of Employer ☐ Self Employed | Yrs. on this job / Yrs. employed in this line of work/profession |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 01/04    Page 1 of 4    Fannie Mae Form 1003 01/04

Borrower's Initials _____    Co-Borrower's Initials _____

GENESIS 2000, INC. * W17.0 * (800) 682-0504

NAVARA

LBM 0103

# OCCUPANCY AGREEMENT

DATE:          04/29/04
BORROWER:      GUADALUPE M NAVARA


LOAN #:         6247732-7891
PROPERTY ADDRESS: 2715 S KOSTNER AVE, CHICAGO, IL  60623


The undersigned Borrower(s) of the above captioned property understand that one of the conditions of the loan is that Borrower(s) occupy the subject property and Borrower(s) do hereby certify as follows:

1.  Borrower intends to occupy the property as Borrower's primary residence.

2.  Borrower intends to occupy the property during the 12 month period immediately following the loan closing as the primary residence of the Borrower (i.e., the property will be "owner occupied").

3.  If Borrower's intention changes prior to the loan closing, Borrower agrees to notify Lender immediately of that fact.

4.  Borrower understands that Lender may not make the loan in connection with subject property without this Occupancy Agreement.

5.  Borrower acknowledges Lender has relied upon the Borrower's representation of occupancy in securing said loan, the interest rate or funding said loan.

THE UNDERSIGNED BORROWER(S) ACKNOWLEDGES AND AGREES THAT:

1.  ANY MISREPRESENTATION OF OCCUPANCY BY BORROWER(S);

2.  BORROWER(S) FAILURE TO OCCUPY THE PROPERTY AS THE PRIMARY RESIDENCE (i.e. OWNER-OCCUPIED) DURING THE 12 MONTH PERIOD FOLLOWING THE LOAN CLOSING;

SHALL CONSTITUTE A DEFAULT UNDER THE NOTE AND SECURITY INSTRUMENT EXECUTED IN CONNECTION WITH SAID LOAN AND, UPON THE OCCURRENCE OF SAID DEFAULT, THE WHOLE SUM OF PRINCIPAL AND INTEREST PAYABLE PURSUANT TO SAID NOTE PLUS COSTS AND FEES SHALL BECOME IMMEDIATELY DUE AT THE OPTION OF THE HOLDER THEREOF AND/OR LENDER MAY ADJUST THE INTEREST RATE TO BE EQUIVALENT TO THAT OF A NON-OWNER OCCUPIED LOAN.

Borrower(s) understand that it is a Federal Crime punishable by fine or imprisonment or both to knowingly make any false statement concerning any of the above facts, as applicable under the provisions of Title 18 U.S.C., Sec. 1014.

I declare that the foregoing Agreement is true and correct and agree to said terms of Agreement allowing Lender discretion to call loan due and/or adjust the interest rate based upon any misrepresentation of occupancy.


_Guadalupe M Navara 4-29-04_ _____
Borrower    GUADALUPE M NAVARA       Date     Borrower                       Date

_____     _____
Borrower                        Date     Borrower                       Date

VMP-599 (9008)           VMP MORTGAGE FORMS · (313)293-8100 · (800)521-7291          8/90

1599 (7/28/94)

LBM 0164

# EXHIBIT B

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

☐ Preliminary   ☒ Final

*DATE:* 04/12/06
*LOAN NO.:* **6711299-7891**
*Type of Loan:* CONVENTIONAL FIXED

BORROWERS:

**ALBERT STINSON**

ADDRESS:   **127 BELLWOOD AVE**
CITY / STATE / ZIP:   **BELLWOOD, IL 60104**
PROPERTY:   **5402 S SHIELDS AVE**
**CHICAGO, IL  60609-6217**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| **12.028** % | $ **97,849.54** | $ **36,095.66** | $ **133;945.20** |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 360 | 372.07 | Monthly beginning 06/01/06 | | | |

**DEMAND FEATURE:** ☒ This loan does not have a Demand Feature.   ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☐ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:**   You are giving a security interest in the property located at:   **5402 S SHIELDS AVE**
**CHICAGO, IL  60609-6217**

**ASSUMPTION:**   Someone buying this property  ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**   $   **60.00**

**PROPERTY INSURANCE:**   Property hazard insurance is a required condition for this loan.  You may purchase this insurance from any insurance company acceptable to the Lender.

☐ Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

**LATE CHARGES:**   If your payment is more than **15** days late, you will be charged a late charge of **5.000** % of the overdue payment.

**PREPAYMENT:**   If you pay off your loan early, you

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

BORROWERS:

**ALBERT STINSON**

[ ] Preliminary  [X] Final

*DATE:* 04/12/06
*LOAN NO.:* 6711297-7891
*Type of Loan:* ADJUSTABLE RATE

ADDRESS: **127 BELLWOOD AVE**
CITY. / STATE / ZIP: **BELLWOOD, IL 60104**
PROPERTY: **5402 S SHIELDS AVE**
**CHICAGO, IL 60609-6217**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 10.212 % | $ 460,927.62 | $ 142,384.38 | $ 603,312.00 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 60 | 1,181.65 | Monthly beginning 06/01/06 | | | |
| 420 | 1,207.65 | Monthly beginning 05/01/11 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature.    [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:

[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: **5402 S SHIELDS AVE**
**CHICAGO, IL 60609-6217**

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ **100.00**

PROPERTY INSURANCE: Property hazard insurance is a required condition for this loan. You may purchase this insurance from any insurance company acceptable to the Lender.

[ ] Hazard insurance is available through the lender at an estimated cost of $     for     years.

LATE CHARGES: If your payment is more than **15** days late, you will be charged a late charge of **5.000** % of the overdue payment.

Return To:
**LONG BEACH MORTGAGE COMPANY**
**P.O. BOX 201085**
**STOCKTON, CA 95202**

**Loan No. 6711299-7891**
Prepared By:   **GENE CHO**

---

## MORTGAGE

THIS MORTGAGE is made this       **12th**   day of   **April**        **2006**      , between the Mortgagor,
**ALBERT STINSON, AN UNMARRIED MAN**   A.S

**LONG BEACH MORTGAGE COMPANY**                                    (herein "Borrower"), and the Mortgagee,

, a corporation organized and
existing under the laws of   **the State of Delaware**                                    , whose address is
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**                                              (herein "Lender").
WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $   **37,000.00**          , which
indebtedness is evidenced by Borrower's note dated       **April        12, 2006**       and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not
sooner paid, due and payable on       **May        1  ,   2036**         ;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the
performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey

---

**ILLINOIS** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

VMP®-76(IL) (0204)              Form 3814
Initials: A.S     TDIL2NO1 (04/02/04) PC
Page 1 of 6        VMP MORTGAGE FORMS - (800)521-7291



Lender's address is    1400 S. DOUGLASS RD., SUITE 100,
ANAHEIM, CA 92806
Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated    April    12, 2006 .
The Note states that Borrower owes Lender
One Hundred Forty Eight Thousand and no/100------------------------------------------------- Dollars
(U.S. $  148,000.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than    May    1, 2046 .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider    [ ] Condominium Rider    [ ] Second Home Rider
[ ] Balloon Rider    [ ] Planned Unit Development Rider    [X] 1-4 Family Rider
[ ] VA Rider    [ ] Biweekly Payment Rider    [ ] Other(s) [specify]

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

# EXHIBIT C





Apr-18-08 07:57am From-Long Beach Mortgage 530 616 5036 T-931 P.003 F-008

04/03/2008 11:13 FAX 8305348808 ☎ 023/028

APPLICATION

## PARK WEST MORTGAGE, INC.

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, or the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below).

| Borrower | Co-Borrower |
|---|---|

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA ☐ FHA | ☒ Conventional ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 148,000.00 | Interest Rate 9.350 % | No. of Months 480 | Amortization Type: ☐ Fixed Rate ☐ GPM | ☐ Other (explain): ☒ ARM (type): ARM |
|---|---|---|---|---|

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, & ZIP)
6402 S SHIELDS AVE, CHICAGO, IL 60609 County: Cook

No. of Units 2

Legal Description of Subject Property (attach description if necessary)
SEE TITLE

Year Built 1950

| Purpose of Loan: ☒ Purchase ☐ Construction ☐ Other (explain): ☐ Refinance ☐ Construction-Permanent | Property will be: ☒ Primary Residence ☐ Secondary Residence ☐ Investment |
|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made Cost $ |
|---|---|---|---|---|

| Title will be held in what Name(s) ALBERT STINSON, LAWRENCE REDDT | Manner in which Title will be held Joint tenants | Estate will be held in: ☒ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings

### III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | ALBERT STINSON | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Social Security Number | 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 | Home Phone (incl. area code) 708-647-0994 | DOB (MM/DD/YYYY) 09/06/1972 | Yrs. School 16 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
| ☒ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. ages | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. ages |
| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent No. Yrs. 127 BELLWOOD AVE Bellwood, IL 60104 | 2Y | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, ZIP) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

### IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer ☐ Self Employed | Yrs. on this job 8Y | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| EASTERSEALS 1230 S WELLS Chicago, IL 60609 | Yrs. employed in this line of work/profession 8 | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business COUNSELING/ACTIVITY DIRECTOR | Business Phone (incl. area code) 312-432-4753 | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 07/05

Page 1 of 4

Fannie Mae Form 1003 07/05

1003 Page 1 0503 – Encompass™ from Ellie Mae – www.elliemae.com

#13 #15 #17

Long Beach MDL 00392



# OCCUPANCY AGREEMENT

DATE:              04/12/06
BORROWER:          ALBERT STINSON


LOAN #:            6711297-7891
PROPERTY ADDRESS: 5402 S SHIELDS AVE, CHICAGO, IL  60609-6217


The undersigned Borrower(s) of the above captioned property understand that one of the conditions of the loan is that Borrower(s) occupy the subject property and Borrower(s) do hereby certify as follows:

1. Borrower intends to occupy the property as Borrower's primary residence.

2. Borrower intends to occupy the property during the 12 month period immediately following the loan closing as the primary residence of the Borrower (i.e., the property will be "owner occupied").

3. If Borrower's intention changes prior to the loan closing, Borrower agrees to notify Lender immediately of that fact.

4. Borrower understands that Lender may not make the loan in connection with subject property without this Occupancy Agreement.

5. Borrower acknowledges Lender has relied upon the Borrower's representation of occupancy in securing said loan, the interest rate or funding said loan.

**THE UNDERSIGNED BORROWER(S) ACKNOWLEDGES AND AGREES THAT:**

1. ANY MISREPRESENTATION OF OCCUPANCY BY BORROWER(S);

2. **BORROWER(S) FAILURE TO OCCUPY THE PROPERTY AS THE PRIMARY RESIDENCE (i.e. OWNER-OCCUPIED) DURING THE 12 MONTH PERIOD FOLLOWING THE LOAN CLOSING;**

**SHALL CONSTITUTE A DEFAULT UNDER THE NOTE AND SECURITY INSTRUMENT EXECUTED IN CONNECTION WITH SAID LOAN AND, UPON THE OCCURRENCE OF SAID DEFAULT, THE WHOLE SUM OF PRINCIPAL AND INTEREST PAYABLE PURSUANT TO SAID NOTE PLUS COSTS AND FEES SHALL BECOME IMMEDIATELY DUE AT THE OPTION OF THE HOLDER THEREOF AND/OR LENDER MAY ADJUST THE INTEREST RATE TO BE EQUIVALENT TO THAT OF A NON-OWNER OCCUPIED LOAN.**

Borrower(s) understand that it is a Federal Crime punishable by fine or imprisonment or both to knowingly make any false statement concerning any of the above facts, as applicable under the provisions of Title 18 U.S.C., Sec. 1014.

I declare that the foregoing Agreement is true and correct and agree to said terms of Agreement allowing Lender discretion to call loan due and/or adjust the interest rate based upon any misrepresentation of occupancy.


| _Albert Stinson_ __4/12/06__ | _____ |
|---|---|
| Borrower    **ALBERT STINSON**         Date | Borrower                          Date |

| _____ | _____ |
|---|---|
| Borrower                          Date | Borrower                          Date |

VMP-599 (9008)            VMP MORTGAGE FORMS - (313)293-8100 - (800)521-7291            8/90

1599 (7/28/94)

Long Beach MDL 00494

# EXHIBIT D

Jul-08-05  04:09pm  From-Long Beach Mortgage          603 616 5040      T-523  P 003/011  F-356

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ FHA | ☑ Conventional  ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $  205,600 | Interest Rate  6.450  % | No. of Months  360/360 | Amortization Type: | ☐ Fixed Rate  ☐ GPM | ☑ ARM (type): 2/28 arm no ppp  ☐ Other (explain): |
|---|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP)  6800 S. ARTESIAN AVE.,  Chicago, IL 60629   County: Cook | No. of Units  2 |
|---|---|

Legal Description of Subject Property (attach description if necessary)
SEE TITLE

Year Built 1953

APPLICATION

| Purpose of Loan  ☑ Purchase  ☐ Construction  ☐ Refinance  ☐ Construction-Permanent | ☐ Other (explain): | Property will be:  ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements  ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

| Title will be held in what Name(s)  ERIC SHELTON | Manner in which Title will be held  Single man | Estate will be held in:  ☑ Fee Simple  ☐ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable)  ERIC SHELTON | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number  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 | Home Phone (incl. area code)  773-336-4060 | DOB (MM/DD/YYYY)  08/23/1970 | Yrs. School  14 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☐ Married  ☑ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower)  no. 0   ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower)  no.   ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☐ Own  ☑ Rent  18  No. Yrs.  6101 S. GREEN ST.  Chicago, IL 60621 | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs.  currently lives with family | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Name & Address of Employer  ☐ Self Employed  CONTEMPORARY FINANCIAL SERVICES  300 S. CARLTON  Wheaton, IL 60187 | Yrs. on this job  2 yr(s) 2 mth(s)  Yrs. employed in this line of work/profession  4 | Name & Address of Employer  ☐ Self Employed | Yrs. on this job  Yrs. employed in this line of work/profession |
|---|---|---|---|

| Position/Title/Type of Business  OFFICE MANAGER | Business Phone (incl. area code)  630-690-5895 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from-to) | Name & Address of Employer  ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer  ☐ Self Employed | Dates (from-to) | Name & Address of Employer  ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Freddie Mac Form 65  01/04  Calyx Form 1003 Loanapp1.frm 01/04 | Page 1 of 4 | Borrower  Co-Borrower | Fannie Mae Form 1003  01/04 |
|---|---|---|---|

*Shelton Dep Exh. 1*

LBM0216

JUL-07-05  08:41AM  FROM-First Capital Mortgage    +13124212027    T-617  P.003/013  F-464

Jul-06-05   04:06pm   From-Long Beach Mortgage          603 616 5040          T-623  P 004/011  F-356

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 3,236.53 | $ | $ 3,236.53 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | 1,282.78 |
| Bonuses | | | | Other Financing (P&I) | | 536.73 |
| Commissions | | | | Hazard Insurance | | 83.25 |
| Dividends/Interest | | | | Real Estate Taxes | | 177.61 |
| Net Rental Income | 1,080.00 | | 1,080.00 | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 4,316.53 | $ | $ 4,316.53 | Total | $ | $ 2,080.27 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income  *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☐ Jointly  ☑ Not Jointly

| ASSETS | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Description | | | | |
| Cash deposit toward purchase held by: | $ | | | |
| | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | PEOPLES ENGY 130 E RANDOLPH CHICAGO IL 60601 | | |
| BANK ONE | | | | |
| CHECKING | | | | |
| | | Acct. no. 9500032210220 | | 678 |
| Acct. no. | $ 3,500 | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | HSBC NV | | |
| | | Acct. no. 544845501977 | 18 | 428 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Stocks & Bonds (Company name/ number & description) | $ | | | |
| | | Acct. no. | | |
| Life insurance net cash value | $ | Name and address of Company | $ Payment/Months | |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 3,500 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to | $ | |
| Other Assets (itemize) | $ | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | 18 | |
| Total Assets a. | $ 3,500 | Net Worth (a minus b) → $ 2,457 | Total Liabilities b. | $ 1,043 |

Freddie Mac Form 65   01/04         Fannie Mae Form 1003   01/04
Calyx Form 1003 Loanapp2.frm 01/04                    Page 3 of 4

Borrower
Co-Borrower

LBM0217

Jul-08-05   04:08pm   From-Long Beach Mortgage        603 616 5040      T-623  P 005/011  F-356

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION | ## VIII. DECLARATIONS

| | | | | | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|---|---|---|
| a. Purchase price | $ 257,000.00 | If you answer "yes" to any questions a through i, please use continuation sheet for explanation. | | | Yes | No | Yes | No |
| b. Alterations, improvements, repairs | | | | | | | | |
| c. Land (if acquired separately) | | a. Are there any outstanding judgments against you? | | | ☐ | ☑ | ☐ | ☐ |
| d. Refinance (incl. debts to be paid off) | | b. Have you been declared bankrupt within the past 7 years? | | | ☐ | ☑ | ☐ | ☐ |
| e. Estimated prepaid items | 552.55 | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | | ☐ | ☑ | ☐ | ☐ |
| f. Estimated closing costs | 7,310.80 | | | | | | | |
| g. PMI, MIP, Funding Fee | | d. Are you a party to a lawsuit? | | | ☐ | ☑ | ☐ | ☐ |
| h. Discount (if Borrower will pay) | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title or a lieu of foreclosure, or judgment? | | | ☐ | ☑ | ☐ | ☐ |
| i. Total costs (add items a through h) | 264,863.35 | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | | | |
| j. Subordinate financing | 51,000.00 | | | | | | | |
| k. Borrower's closing costs paid by Seller | 7,000.00 | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | | | ☐ | ☑ | ☐ | ☐ |
| l. Other Credits (explain) | | If "Yes," give details as described in the preceding question. | | | | | | |
| | | g. Are you obligated to pay alimony, child support, or separate maintenance? | | | ☐ | ☑ | ☐ | ☐ |
| | | h. Is any part of the down payment borrowed? | | | ☐ | ☑ | ☐ | ☐ |
| | | i. Are you a co-maker or endorser on a note? | | | ☐ | ☑ | ☐ | ☐ |
| New 2nd Mtg Closing Costs | -450.00 | | | | | | | |
| | | j. Are you a U. S. citizen? | | | ☑ | ☐ | ☐ | ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 295,600.00 | k. Are you a permanent resident alien? | | | ☐ | ☑ | ☐ | ☐ |
| | | l. Do you intend to occupy the property as your primary residence? | | | ☑ | ☐ | ☐ | ☐ |
| n. PMI, MIP, Funding Fee financed | | If "Yes," complete question m below. | | | | | | |
| o. Loan amount (add m & n) | 295,600.00 | m. Have you had an ownership interest in a property in the last three years? | | | ☑ | ☐ | ☐ | ☐ |
| | | (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | | | | | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 1,283.35 | (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | | | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X  Eric Shelton | 7.12.05 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| **Ethnicity:** | ☐ Hispanic or Latino  ☑ Not Hispanic or Latino | **Ethnicity:** | ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| **Race:** | ☐ American Indian or Alaska Native  ☐ Asian  ☑ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White | **Race:** | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| **Sex:** | ☐ Female  ☑ Male | **Sex:** | ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) MARNETTE JAMES | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: ☑ Face-to-face interview ☐ Mail ☐ Telephone ☐ Internet | Interviewer's Signature                    Date | FIRST CAPITAL MORTGAGE 800 W. CHICAGO AVE. #730 Chicago, IL  60610 (P) 312-327-5700 (F) 312-421-2627 |
| | Interviewer's Phone Number (incl. area code) 312-327-5700 | |

JUL-07-05   08:42AM   FROM-First Capital Mortgage   +13124215027   T-577  P.005/013  F-484

LBM0218