**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY | ) | |
| TRUTH IN LENDING ACT FAMILY RIDER | ) | |
| LITIGATION | ) | MDL 07-cv-06543 |
| | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Centralized before Judge |
| NAVARA & STINSON, JEUNE, | ) | Wayne R. Andersen |
| SULLIVAN, & SHELTON | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINE
TO MOVE FOR SUMMARY JUDGMENT**

Plaintiffs hereby request that this Court extend the deadline for moving for summary judgment on class claims involving the 1-4 Family Rider.  In support of this motion, plaintiffs state as follows:

1.    On January 15, 2008, the Court set a discovery schedule in this case. This schedule set August 1, 2008 as the deadline to file summary judgment motions relating to the 1-4 Family Rider class claims, among other deadlines.

2.     Plaintiffs filed their consolidated class action complaint in this matter on January 21, 2008.

3.    Plaintiffs moved for class certification on March 19, 2008 and defendant's sur-reply is due by August 1, 2008.

4.    Defendant moved for partial summary judgment on matters related to the 1-4 Family Rider class claims and certain individual claims on June 19, 2008.  Its reply brief is due by August 1, 2008.

1

5.      Granting an extension is necessary to comply with Fed. R. Civ. P. 23(c)(2).  Rule 23(c)(2) requires that all class members in a Rule 23(b)(3) class, such as in this case, be given notice and the opportunity to opt out of the class prior to a final judgment on the merits.  *See Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 896 (7th Cir. 1999).  Providing notice to all class members requires the identity and contact information of all class members. Defendant has stipulated that it will reveal the names and contact information for class members only in the event that a class is certified.  This means that a decision on class certification is required to comply with the notice and opt-out provisions of Rule 23(c)(2).  Therefore, a decision on class certification must precede a decision on summary judgment applicable to the entire class.

6.      Plaintiffs propose that the Court extend the deadline to file summary judgment motions on 1-4 Family Rider class claims until after the issues of class certification and defendant's summary judgment motion are resolved.  In the alternative, plaintiffs propose that they be given 90 days to file their motion for summary judgment.

WHEREFORE, plaintiff respectfully requests that this Court extend the deadline to move for summary judgment relating to the 1-4 Family Rider class claims until after the Court has ruled on plaintiffs' motion for class certification and defendant's motion for partial summary judgment, or in the alternative, for 90 days.

Respectfully Submitted,

s/Michael J. Aschenbrener
Michael J. Aschenbrener

2

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Aschenbrener, hereby certify that on July 31, 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  Notice was sent *via* US mail to those without access to the Court's electronic filing system.

Rogelio A. Astudillo
Astudillo Consulting Services
2304 Frontera Road
McAllen, TX 78504

Law Department
New Millennium Mortgage
1700 Park Street Suite 203
Naperville, IL 60563

Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

s/Michael J. Aschenbrener
Michael J. Aschenbrener