IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | MDL CASE NO. 07 CV 06543 |
| | Centralized before Judge Wayne R. Andersen |
| THIS DOCUMENT RELATES TO | |
| *Navara v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 05-0864 | |
| *Carye v. Long Beach Mortgage Co.* U.S.D.C., D. Mass., Civil Action No. 06-10887 (N.D. Ill. Civil Action No. 07-06544) | |
| *Shelton v. Long Beach Mortgage Co.* U.S.D.C., N.D. Ill., Civil Action No. 06-2323 | |

### LONG BEACH'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

As allowed by the Court's July 23, 2008 Minute Entry, defendant Long Beach Mortgage Company ("Long Beach") submits this sur-reply in opposition to Plaintiffs' motion for class certification.

### INTRODUCTION

Plaintiffs' recent filings (including their summary judgment response) only serve to highlight the impropriety of class certification in this case. To prove that the 1-4 Family Rider form violated the Truth in Lending Act ("TILA"), Plaintiffs must demonstrate that their mortgage loans were obtained primarily for a personal purpose such that TILA applies in the first place. In their summary judgment response, Plaintiffs attempted to create a genuine issue of

material fact as to this element by thoroughly analyzing the relevant TILA factors and applying them to the specific facts of their loan transactions.  The enormous effort undertaken by Plaintiffs in this regard actually proves Long Beach's point that the fact-finder must perform similar individual analyses for each member of the putative class, creating predominating individual factual issues.

Moreover, in their class certification reply, Plaintiffs revised the proposed class definition and then withdrew two of the four proposed class representatives.  Both of these actions were admittedly taken in response to Long Beach's class certification opposition, but neither of these strategic moves cures the material defects in their proposed class.  In particular, the revised class definition does not eliminate the need for individual examinations to determine whether each putative class member's mortgage loan was obtained primarily for a personal purpose such that TILA applies.  While Plaintiffs claim that a "ministerial review" of the borrower's loan application will be enough to determine the loan's purpose, the evidence submitted on summary judgment illustrates the fallacy of Plaintiffs' theory.  This is because the Court must perform the very same detailed analysis that Plaintiffs conducted when responding to summary judgment, except the Court or the jury must do so for an untold number of potential class members.  These individual inquiries prove that this case cannot satisfy Rule 23(b)(3)'s predominance requirement.

Similarly, Plaintiffs' reply brief neglects to adequately address the lack of typicality under Rule 23(a)(3). Plaintiffs downplay the significance of the undisputed evidence submitted with Long Beach's opposition and operate as if Long Beach just dreamed up some mystical unique defense that could be asserted against a fictional class member.  To the contrary, Long Beach analyzed the proof needed to establish an element of Plaintiffs' claim, not some defense

2

that Long Beach may have. In fact, to prove that their loan was a personal use loan, three of the named Plaintiffs directed the Court to a variety of evidence on this issue in their summary judgment papers, evidence that varied dramatically from plaintiff to plaintiff. This shows that Plaintiffs' claims are clearly not subject to class-wide proof. Accordingly, Plaintiffs cannot satisfy the typicality requirement and their motion for certification should be denied.

## **ARGUMENT**

**I. Plaintiffs' Amended Class Definition Does Not Eliminate The Need To Conduct Individual Examinations To Determine Class Membership.**

In their motion for class certification, Plaintiffs proposed a nearly nationwide class of all persons that obtained a mortgage loan from Long Beach that included the 1-4 Family Rider on or after February 11, 2004. (Pltfs.' Class Certification Br., Dkt. 28, pp. 1-2). The proposed class thus encompassed any borrowers that obtained a mortgage on property with 2, 3, or 4 units. This was the same class alleged when plaintiff Navara originally filed suit in February 2005 and the same class proposed in Plaintiffs' Consolidated Class Action Complaint filed in January 2008.[1]

Long Beach's class certification opposition demonstrated that the Court would have to individually examine the unique circumstances of each putative class member's transaction to determine the purpose of their loan. (Opp. to Class Certification, Dkt. 44, pp. 16-19). These individual inquiries were warranted because the Family Rider form was used in multiple unit properties that are frequently used as rental properties. As a result, Long Beach contended that the Court must individually apply the factors listed in Regulation Z's Staff Commentary to each

---

[1] Plaintiffs also originally proposed a Massachusetts-only class that included Massachusetts borrowers who obtained a mortgage from Long Beach that included the 1-4 Family Rider. This proposed class, which was reiterated in Plaintiffs' reply brief, was asserted by plaintiff Mirlaine Jeune who was pursuing a claim under the Massachusetts Consumer Credit Cost Disclosure Act. Plaintiffs have since confirmed that they are no longing pursuing this Massachusetts-only class, as Ms. Jeune will be moving to voluntarily dismiss her claim.

loan transaction to determine whether the loan was obtained primarily for a consumer purpose or instead was a business purpose loan.

In their reply brief on class certification, Plaintiffs claimed that these individual examinations were not needed, instead suggesting "that only a ministerial review of Long Beach's records will be necessary." (Pltfs.' Reply Br., Dkt. 51, p. 8). Contrary to the "ministerial review" theory advocated in their class certification reply, Plaintiffs' summary judgment response involved several pages of detailed examinations about each Plaintiff's loan transaction purportedly to prove that their loan was obtained primarily for a personal purpose. Indeed, Plaintiffs stressed that the Court must take "a complete look at the whole record" and consider all the factors listed in the Staff Commentary when determining the loan purpose. (Pltfs.' Resp. Br., Dkt. 61, p. 14).

The "complete look at the whole record" entailed Plaintiffs analyzing their deposition testimony, their tax returns, loan documents, loan applications, and occupancy agreements. Tellingly, even though their class certification briefs assumed that the loan application was outcome determinative on the loan purpose issue, Plaintiffs did not ask the Court to merely look at their loan application when addressing this issue. If Plaintiffs' "ministerial review" theory had any credence, then they would have moved to strike all evidentiary materials other than the loan application as irrelevant and inadmissible. But Plaintiffs apparently realize that the "whole record" involves oral testimony, mortgage documents, loan applications, and occupancy agreement, all of which must be considered by the fact-finder to make the proper assessment as to whether TILA applies.

In sum, as demonstrated in Long Beach's opposition and confirmed by Plaintiffs' summary judgment response, this Court must consider the totality of the circumstances and

4

examine the transaction as a whole to determine the purpose of each borrower's loan. *See Bokros v. Assoc. Fin. Inc.*, 607 F. Supp. 869, 871 (N.D. Ill. 1984) ("To determine whether an extension of credit falls within that exemption, the court 'must examine the transaction as a whole and the purpose for which the credit was extended.'") (quoting *Tower v. Moss*, 625 F.2d 1161, 1166 (5th Cir. 1980)). To use Plaintiffs' parlance, the Court must take "a complete look at the whole record" and apply all factors listed in the Staff Commentary. This means that the Court would have to convene a "mini-trial" for each putative class member to analyze the borrower's complete loan file, tax returns, pay stubs, and other financial or employment information, as well as to hear testimony from the borrower about their loan transaction.

The revised class definition asserted in Plaintiffs' reply brief does nothing to change this analysis. That new definition, which was proposed more than three years after this case started, jettisons those putative class members with 3 or 4 unit properties. (Pltfs.' Reply, Dkt. 51, pp. 2-3). The new proposed class now only includes those persons who obtained a mortgage that included the 1-4 Family Rider and that involved property with 1 or 2 units and whose loan application states that the property was the borrower's primary residence. (*Id.*). The revised definition, however, does not eliminate the need to conduct individual examinations, as persons with 2-unit properties can still use those properties to generate rental income and the Family Rider form was only used on multi unit properties.

As mentioned earlier, Plaintiffs' summary judgment response involved detailed examinations of the loan purpose issue for each of the named Plaintiffs, including two who still fall within the updated class definition (Plaintiffs Stinson and Shelton). Both Mr. Stinson and Mr. Shelton had 2-unit properties and a loan application that represented that the property was their primary residence. Yet the summary judgment evidence shows that Mr. Stinson's property

was non-owner occupied rental property, and Mr. Shelton generated all of his income from the property. If Plaintiffs genuinely believed that the Court only needed to conduct a "ministerial review" of the borrower's loan application, then they would have simply pointed the Court to Stinson's and Shelton's loan application. Instead, Plaintiffs thoroughly analyzed the "complete record" for Stinson's and Shelton's loan transaction. This clearly illustrates why class certification is improper, as the fact-finder would perform the same analysis for every member of the putative class.

II. **Plaintiffs Cannot Satisfy Rule 23(b)(3)'s Predominance Requirement Because There Are Individual Fact Issues As To The Purpose For Each Loan Transaction.**

    A. **The *Roman* Decision Confirms That Family Rider Claims Are Not Suitable For Class Treatment.**

As explained in Long Beach's opposition brief, this Court has previously held that TILA Family Rider claims are not certifiable claims because they require individual analyses that predominate any common class issues. *See Roman v. First Franklin Fin. Corp.*, No. 00-C-7228, 2001 WL 322563, at *2 (N.D. Ill. Apr. 2, 2001). In *Roman*, plaintiff Indelfe Roman alleged that he owned a ***2-unit*** building in Chicago and had obtained a mortgage from First Franklin that included a 1-4 family rider form. *Id.* at *1. Roman claimed that the family rider form took a security interest in personal property that should have been disclosed on the TILA disclosure statement. *Id.* Roman sought certification of a class of persons who had obtained a mortgage on ***2-unit*** properties that included the family rider form and whose transaction was documented as being subject to TILA. *Id.*

Addressing class certification, the Court first noted that Roman could not satisfy the numerosity requirement by simply speculating as to the size of the class because there needed to be actual evidence as to the class size. *Id.* at *2. The Court then addressed Rule 23(b)(3)'s predominance requirement and rejected Roman's argument that it was "easily discernible"

6

whether the class member's loans were subject to TILA.  *Id.*  Instead, the Court accepted First Franklin's contention that the various factors listed in the Federal Reserve Board's Staff Commentary to TILA would require the Court to conduct "highly fact intensive inquiries and that certification would result in an undetermined number of mini-trials." *Id.* (citing *McGarvey v. Citibank (South Dakota)*, No. 95-C-0123, 1995 WL 404866, at *6 (N.D. Ill. July 5, 1995)).[2]

Save the names, this case is virtually identical to *Roman*, as Plaintiffs assert the very same Family Rider claim and propose the same class alleged in *Roman*.  Like *Roman*, Plaintiffs' class definition is limited to ***2-unit*** properties and to mortgages that were documented as being subject to TILA.  Plaintiffs, however, did not even attempt to distinguish *Roman* or otherwise explain why the Court should decline to follow its holding.  To the contrary, Plaintiffs' summary judgment response simply reinforces the validity of the *Roman's* court conclusion that "highly fact intensive inquiries" are needed to determine a loan's purpose in light of the Commentary factors.  This is because Plaintiffs conducted their own highly intensive fact inquiry for each of their loan transactions to prove this element of their claim.  Quite simply, *Roman* makes it clear that Plaintiffs' Family Rider claim would require detailed individual inquiries and thus cannot satisfy Rule 23(b)(3)'s predominance requirement.

### B.    The *Peoples* Decision Cited By Plaintiffs Is Poorly Reasoned And Should Not Be Followed By This Court.

Notwithstanding the intensive inquiries undertaken in their summary judgment papers, Plaintiffs attempt to downplay the significance of *Roman* by merely citing *Peoples v. Sebring*

---

[2]  The TILA Commentary provides that courts should consider the following factors when determining the purpose of a loan obtained in connection with owner-occupied rental property:  (1) the relationship of the borrower's primary occupation to the acquisition; (2) the degree to which the borrower will personally manage the property; (3) the ratio of income from the acquisition to the total income of the borrower; (4) the size of the transaction; and (5) the borrower's statement of purpose of the loan.  *See* Supplement I to Part 226, 12 C.F.R. § 226, at Commentary 3(a)(2).  The relevant excerpts of the Staff Commentary are included in the attached Appendix of Unreported Decisions.

*Capital Corporation*, No. 01 C 5676, 2002 WL 406979 (N.D. Ill. March 15, 2002). Plaintiffs' reliance on the *Peoples* decision is misplaced for several reasons. ***First***, contrary to Plaintiffs' representations, that case does not represent the majority position, given that the cases cited in *Peoples* did not involve the Family Rider form and were not even TILA cases. This is a crucial distinction because the Family Rider form is used on multiple unit properties that frequently serve as rental properties. As a result, the Court must carefully consider the Staff Commentary factors to determine whether the borrower used the property to generate rental business income or instead used the property primarily for personal purposes. Because the cases cited in *Peoples* did not involve the Family Rider form and did not involve loans in connection with rental properties, they have no bearing on this issue and cannot represent a majority view.

***Second***, both Plaintiffs and the *Peoples* Court mistakenly believe that TILA cases would never be certified if courts had to undertake individual examinations to determine the purpose of the credit transaction. Plaintiffs dramatically overstate Long Beach's position, as Long Beach does not contend that all TILA class actions are unsuitable for class treatment. Rather, the Family Rider form at issue makes this case unique because it is used on properties that involve multiple units, which frequently serve as rental properties. It is certainly possible for courts to certify TILA cases that do not involve rental properties, as long as there is class-wide proof that the credit was extended primarily for a personal purpose. The circumstances of the named Plaintiffs in this case, however, only reinforce that their Family Rider claim is not susceptible to class-wide proof.

***Third***, the only court that has followed *Peoples* did so without independently analyzing the TILA Staff Commentary factors and instead just assumed that the borrower's loan application would be determinative of the loan purpose issue. *See Powell v. Advanta Nat'l Bank*,

8

No. 00 C 7234, 2001 U.S. Dist. LEXIS 14048 (N.D. Ill. Sept. 4, 2001).[3] Plaintiffs appear to defend *Peoples* and *Powell* by claiming that those courts determined that it was unnecessary to consider the Staff Commentary factors. (Pltfs.' Reply Br., Dkt. 51, p. 9). But in their summary judgment papers, Plaintiffs emphasized that "the Court must consider the factors set forth in the Regulation Z Staff Commentary" because they are "dispositive in TILA matters." (Pltfs.' Resp., Dkt. 61, p. 4). Putting Plaintiffs' obfuscation aside, it is clear that the TILA factors are highly significant and must be considered by the fact-finder in addressing this issue. Accordingly, they clearly mandate individual examinations of every loan transaction as recognized by the *Roman* Court.[4]

*Finally*, Plaintiffs' unfettered reliance on *Peoples* is misplaced because that Court's rationale should be fairly limited to its facts. The *Peoples* Court stressed that there were only 38 persons in the class proposed by the plaintiffs. 2002 WL 406979, at *9. Thus, to the extent that the Court needed to individually review the loan transactions of the putative class members, it would have been relatively manageable to do so. By contrast, Plaintiffs have alleged that the class encompasses thousands of borrowers. Although there is no evidence of this, if it were true, it clearly would be unmanageable for the fact-finder to "look at the complete record" for each and every one of these persons to determine if they got their loan for a personal purpose.

---

[3] Likewise, the only other court to address certification of a family rider claim did so without considering the TILA Commentary factors. *See Romaker v. Cross-land Mortgage Corp.*, No. 94 C 3328, 1996 U.S. Dist. LEXIS 6490 (N.D. Ill. May 8, 1996).

[4] It is also pure folly for Plaintiffs to suggest that individual examinations are unnecessary because Long Beach's records will have documented each loan as a consumer loan. (Pltfs.' Reply Br., Dkt. 51, p. 8). Putting aside Plaintiffs' refusal to offer any evidence to prove this point, it ignores the law cited in Plaintiffs' own papers. The TILA Commentary makes it crystal clear that providing TILA disclosures is not determinative of whether the loan was used for business or consumer purposes. *See* Supplement I to Part 226, 12 C.F.R. § 226, at Commentary 3(a)(1). Moreover, the loan application cannot be determinative, as the borrower's statement of purpose for the loan is only one of several factors listed in the Commentary. *Id*. at Commentary 3(a)(2).

Consequently, this Court should decline to follow *Peoples* and instead should adhere to the better reasoned *Roman* decision and deny class certification.

**III.   Plaintiffs Have Failed To Meet Their Burden Of Proving That The New Class Definition Satisfies The Requirements Of Rule 23(a).**

   **A.   There Is No Evidence In The Record As To The Numerosity Requirement For The New Proposed Class.**

The law is clear that the named plaintiffs bear the burden of proving all the requirements of Rule 23.  *See Anderson v. Cornejo*, 199 F.R.D. 228, 238 (N.D. Ill. 2000) (citations omitted). Even though Plaintiffs proposed a new class definition in their reply brief, they neglected to explain how the new definition satisfies Rule 23.  For instance, Plaintiffs failed to satisfy their burden of presenting the Court with ***evidence*** that the new class is composed of a sufficient number of borrowers to satisfy the numerosity requirement.

Although Long Beach previously stipulated that there were at least 2,500 borrowers in the class that was originally proposed, that stipulation is no longer valid given that Plaintiffs decided that they do not want to represent borrowers with 3 or 4 unit properties.  In the absence of such stipulation, there is ***no*** evidence in the record that could support a finding that the new class satisfies Rule 23(a)(1)'s numerosity component.  And speculation about the size of the proposed class is utterly unacceptable.  *Roman*, 2001 WL 322563, at *2 (holding that numerosity requirement was not satisfied when plaintiff simply speculated about the size of the class and offered no evidence to support his theory).  In this matter, Plaintiffs have not submitted any evidence as to the size of the new class and thus cannot meet Rule 23(a)(1)'s numerosity requirement.[5]

---

[5]   As explained in Long Beach's opposition brief, Plaintiffs also failed to offer any evidence as to the qualifications or competence of two of the law firms seeking to serve as class counsel for the proposed class – The Brooks Law Firm and the Claude Lefevbre Firm.  Plaintiffs' reply brief does not even attempt to explain this failure but instead attempts to shift the burden to Long Beach by suggesting that Long

### B. Plaintiffs Cannot Fulfill The Typicality Requirement.

As earlier mentioned, two of the named Plaintiffs (Navara and Shelton) suddenly announced their withdrawal as proposed class representatives after Long Beach had filed its class certification opposition and summary judgment motion. Plaintiffs refused to offer any reason for their withdrawals but did confess that the withdrawals were in direct response to Long Beach's opposition brief. Long Beach's opposition explained that the typicality requirement could not be satisfied by this case because the facts elicited for the named Plaintiffs showed that there could not be class-wide proof of their claims. More particularly, Long Beach demonstrated that there was evidence that Navara, Shelton, and Stinson did not obtain their loans primarily for a consumer purpose and thus they could not prove that element of their claim.

In opposing summary judgment, Plaintiffs confirmed the validity of Long Beach's argument, as they analyzed a variety of evidentiary materials for each of those three plaintiffs in an attempt to show that they got a consumer loan. It is well established that the typicality requirement cannot be met when proof of the named plaintiffs' claims "would not necessarily prove all of the proposed class members' claims." *Williams v. Ford Motor Co.*, 192 F.R.D. 580, 586 (N.D. Ill. 2000). In other words, the claim must be susceptible to class-wide proof such that proof of the proposed class representatives' claim will automatically prove the claims of the entire class. That cannot happen in this case, given that an essential element of Plaintiffs' Family Rider Claim would require the Court to consider a variety of evidence that will differ from class

---

Beach did not "actually argue that other counsel for plaintiffs are inadequate." (Pltfs.' Reply Br., Dkt. 51, p. 5). Plaintiffs have the burden of demonstrating all the requirements of Rule 23, and the law does not require Long Beach to disprove any of the class certification requirements. The bottom line is that Plaintiffs neglected to give the Court any evidence of these two firms' class action qualifications, and thus the Court cannot conduct the rigorous analysis required by Rule 23 to determine if they would be adequate class counsel. *See Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 284 n.4 (C.D. Cal. 2006) (noting that the adequacy of class counsel cannot be determined in the absence of evidence as to the qualifications of the proposed class counsel).

member to class member. Because the evidence varied dramatically even among the named Plaintiffs, the typicality requirement cannot be satisfied, given that proof of the named Plaintiffs' claims would not prove the claims of the entire class.

Plaintiffs rest their typicality argument on their belief that the sole issue in this case is whether the Family Rider form took a security interest in personal property that should have been disclosed on the TILA disclosure statement. Plaintiffs' simplistic analysis, however, overlooks an essential element of their claim: proof that the credit was extended primarily for personal purposes. In that regard, the summary judgment record shows that this element cannot be proven on a class-wide basis because the proof varies from plaintiff to plaintiff. Indeed, Plaintiffs' summary judgment response brief undermines their theory that this element of their claim can be proven on a class-wide basis by simply directing the Court to the borrower's loan application.

Plaintiffs also erroneously claim that Long Beach's arguments purport to raise a potential defense as to some absent class member's claim. To the contrary, Long Beach's typicality arguments stress the evidence that Plaintiffs need to present to establish an essential element of their claim and the fact that the evidence will differ from borrower to borrower. In sum, because the evidence needed to prove the named Plaintiffs' claims will not necessarily prove the claims of the entire class, the typicality requirement cannot be satisfied and class certification should be denied.

## CONCLUSION

For the foregoing reasons, Long Beach respectfully requests that the Court deny Plaintiffs' motion for class certification.

Dated: August 1, 2008

Respectfully submitted,

Washington Mutual Bank
f/k/a Long Beach Mortgage Company

By:　/s/ Gabriel A. Crowson
　　　Matthew M. Neumeier
　　　Scott T. Schutte
　　　Gabriel A. Crowson
　　　HOWREY LLP
　　　321 N. Clark St. Suite 3400
　　　Chicago, IL 60610
　　　Telephone: (312) 595-1239
　　　Fax: (312) 595-2250
　　　Email: neumeierm@howrey.com
　　　　　　schuttes@howrey.com
　　　　　　crowsong@howrey.com

## CERTIFICATE OF SERVICE

I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Long Beach's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 1st day of August, 2008.

　　　/s/ Gabriel A. Crowson
　　　Gabriel A. Crowson