IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION * * * * * * * * * | MDL CASE NO. 07 CV 06543<br><br>Centralized before<br>Judge Wayne R. Andersen |
| THIS DOCUMENT RELATES TO * * * *| |
| *Navara v. Long Beach Mortgage Co.*<br>U.S.D.C., N.D. Ill., Civil Action No. 05-0864 * * | |
| *Carye v. Long Beach Mortgage Co.*<br>U.S.D.C., D. Mass., Civil Action No. 06-10887<br>(N.D. Ill. Civil Action No. 07-06544) * * * * | |
| *Shelton v. Long Beach Mortgage Co.*<br>U.S.D.C., N.D. Ill., Civil Action No. 06-2323 * * | |

********************************************

## LONG BEACH'S RESPONSE TO ADDITIONAL FACTS SUPPLEMENTED BY PLAINTIFFS

Pursuant to Local Rule 56.1, Defendant Long Beach Mortgage Company ("Long Beach") submits this response to the additional facts supplemented by Plaintiffs.

**A.     Navara.**

40.     Ms. Navara has owned and lived at the property at 2715 S. Kostner since 1970. (Def. Exh. 1, Navara Dep., 51:20-24, 52:1-52:13).

RESPONSE: Long Beach disputes this fact, as there is evidence that Ms. Navara represented to the IRS that she did not use the property at 2715 S. Kostner for personal purposes. (Exhs. 5, 6, and 7 to Long Beach Mem., Dkt. 42).

41. Ms. Navara's tax returns indicate her home address is 2715 S. Kostner. (Def. Exh. 5, Income Tax Return for 2005, at ECL&G 133; Def. Exh. 6, Income Tax Return for 2004, at ECL&G 140; Def. Exh. 7, Income Tax Return for 2003, at ECL&G 150.)

RESPONSE:    Long Beach admits that the first page of Ms. Navara's tax returns lists her home address as 2715 S. Kostner Avenue, Chicago, Illinois. Long Beach further states that there is evidence that Ms. Navara classified 2715 S. Kostner on her tax returns as rental real estate that she did not use for personal purposes. (Def. Exh. 5, at ECL&G 135; Def. Exh. 6, at ECL&G 142; Def. Exh. 7, at ECL&G 152).

42. Ms. Navara did not prepare her own tax returns. She hired Richard Rylewicz of Berwyn, Illinois to prepare her returns in 2003, 2004, and 2005. (Def. Exh. 7, at ECL&G 148; Def. Exh. 6, at ECL&G 139; and, Def. Exh. 5, at ECL&G 129).

RESPONSE:    Long Beach objects to this fact as irrelevant and admissible. Subject to and without waiving its objections, Long Beach admits this fact.

43. Ms. Navara is a retired factory worker. (Def. Exh. 1, Navara Dep. 45:19-24, 46:1, 47:1-7).

RESPONSE:    Admitted.

44. Ms. Navara collected $11,200 in 2003, $11,200 in 2004, and $12,300 in 2005 in rent from the property at 2715 S. Kostner. (Def. Exh. 7, at ECL&G 152; Def. Exh. 6, at ECL&G 142; and, Def. Exh. 5, at ECL&G 135).

RESPONSE:    Admitted.

45. Ms. Navara stated on her loan application that her purpose for obtaining the loan was personal, not business. (Ex. A, Navara Loan Application & Occupancy Agreement).

RESPONSE:    Long Beach disputes this fact as there is evidence that Ms. Navara's loan application contained various misrepresentations. (*See* Roger Astudillo Dep. 96:1-25, 247:6-23, 251:6-25, 252:1-18, 253:1-25, 254:1-25, 255:1-4, attached as Exh. 13 to Opp. to Class Certification, Dkt. 44).

**B.	Stinson.**

46.	Mr. Stinson did not move in to the property at 5402 S. Shields in an effort to save his marriage.  (Def. Exh. 2, Stinson Dep. 27:6-20).

RESPONSE:  Long Beach objects to this fact on the grounds that it is vague and ambiguous.  Subject to and without waiving its objections, Long Beach disputes this fact, as there is evidence that Mr. Stinson purchased the property at 5402 S. Shields to generate rental income.  (Exh. 8 to Long Beach Mem., Dkt. 42).

47.	Mr. Stinson was employed at the time he obtained the loans from Long Beach at Easter Seals Metropolitan Chicago as an assistant teacher at the organization's school for autistic children.  (Def. Exh. 2, Stinson Dep. 24:7-24, 25:1).

RESPONSE:   Admitted.

48.	Mr. Stinson earned $23,411 in wages at Easter Seals in 2006.  (Def Exh. 8, Stinson 2006 Tax Return).

RESPONSE:   Admitted.

49.	Mr. Stinson collected $3,000 in rents from the property at 5402 S. Shields in 2006.  (Def. Exh. 8, Stinson 2006 Tax Return).

RESPONSE:   Admitted.

50.	Mr. Stinson's two loans obtained from Long Beach totaled $185,000.  (Ex. B, Selected Stinson Mortgage Documents).

RESPONSE:   Admitted.

51.	Mr. Stinson stated on his loan application that his purpose for obtaining the loans was personal, not business.  (Ex. C, Stinson Loan Application & Occupancy Agreement).

3

RESPONSE: Long Beach disputes this fact as there is evidence that Mr. Stinson's loan application contained various misrepresentations. (Stinson Dep. 74:10-15, 76:6-24, 77:1-24, 78:1-24, 79:1-24, 80:1-6, 81:8-13, attached as Exh. 2 to Long Beach Mem., Dkt. 42).

52. Mr. Stinson collected $750 per month in rent. (Def. Exh. 2, Stinson Dep. 58:16-24, 59:1-14).

RESPONSE: Admitted.

53. Mr. Stinson's monthly mortgage payments totaled $1,553.72. (Ex. B, Selected Stinson Mortgage Documents).

RESPONSE: Admitted.

**C.   Shelton.**

54. Mr. Shelton has a prosthetic eye and uses a wheelchair. (Def. Exh. 3, Shelton Dep. 27:3-9).

RESPONSE: Admitted.

55. Mr. Shelton requires assistance in performing physical tasks and with his financial dealings. (Def. Exh. 3, Shelton Dep. 27:3-24, 28:1-24, 29:1-23)

RESPONSE: Long Beach admits that Mr. Shelton requires assistance in performing physical tasks and with his financial affairs but disputes that Mr. Shelton's disability is such that he would be deemed mentally incompetent or incapacitated. (*See* Civil Action No. 06-2323, Dkt. 59, Motion for Leave to Amend, at ¶¶ 4-5).

56. In connection with the loan for the building, Long Beach received a Uniform Loan Application indicating Mr. Shelton's intention to use the property as his principal residence. (Ex. D, Shelton Loan Application).

RESPONSE: Long Beach disputes this fact, as there is evidence that Mr. Shelton's loan application contained various misrepresentations. (Shelton Dep. 96:12-4, 97:1-24, 98:1-24, 99:1-24, 100:1-10).

57. Mr. Shelton moved into and remained living in the property until he discovered that his mortgage payments to Washington Mutual were greater than expected. (Def. Exh. 3, Shelton Dep. 19:15-18, 20:11-24, 21:1-4).

RESPONSE: Admitted.

58. Mr. Shelton collected, at most, two months of rent payments from Mr. Bibbs and the building's other tenant. (*See* Def. Exh. 3, Shelton Dep. 16:1-24, 17:1-24, 18:1-24, 19:1-24, 20:1-24, 21:1-24).

RESPONSE: Admitted.

59. The amount of the loan for which Mr. Shelton applied was $205,000. (Ex. D, Shelton Loan Application).

RESPONSE: Long Beach disputes this fact, as there is evidence that Mr. Shelton applied for two mortgage loans, totaling $257,000. (*See* Shelton First & Second Mortgages, attached to this response as Exh. A).

60. Mr. Shelton collected $1,200 per month in rent payments. (Def Exh. 3, Shelton Dep. 16:1-20).

RESPONSE: Admitted.

61. Mr. Shelton's monthly mortgage payment was approximately $1,800. (Def. Exh. 3, Shelton Dep. 17:16-20).

RESPONSE: Admitted.

5

62. Mr. Shelton intended to move in to the property with Mr. Bibbs, who was to assist Mr. Shelton with his health care needs.  (Def. Exh. 3, Shelton Dep. 144:17-24, 145:1-3).

RESPONSE:  Long Beach disputes this fact as there is evidence that Mr. Shelton did not initially intend to move into the property at 6800 S. Artesian Avenue.  (Shelton Dep. 144:14-23, 146:10-19, 148:7-11).

Dated:  August 1, 2008

Respectfully submitted,

Washington Mutual Bank
f/k/a Long Beach Mortgage Company


By:   /s/ Gabriel A. Crowson
Matthew M. Neumeier
Scott T. Schutte
Gabriel A. Crowson
HOWREY LLP
321 N. Clark St. Suite 3400
Chicago, IL 60610
Telephone: (312) 595-1239
Fax: (312) 595-2250
Email: neumeierm@howrey.com
      schuttes@howrey.com
      crowsong@howrey.com

**CERTIFICATE OF SERVICE**

I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Long Beach's Response to Additional Facts Supplemented by Plaintiff has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 1st day of August, 2008.

/s/ Gabriel A. Crowson
Gabriel A. Crowson