**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY | * | |
| TRUTH IN LENDING ACT FAMILY RIDER | * | |
| LITIGATION | * | MDL CASE NO. 07 CV 06543 |
| | * | |
| | * | |
| | * | |
| _____ | * | Centralized before |
| | * | Judge Wayne R. Andersen |
| | * | |
| THIS DOCUMENT RELATES TO | * | |
| | * | |
| *Navara v. Long Beach Mortgage Co.* | * | |
| U.S.D.C., N.D. Ill., Civil Action No. 05-0864 | * | |
| | * | |
| *Carye v. Long Beach Mortgage Co.* | * | |
| U.S.D.C., D. Mass., Civil Action No. 06-10887 | * | |
| (N.D. Ill. Civil Action No. 07-06544) | * | |
| | * | |
| *Shelton v. Long Beach Mortgage Co.* | * | |
| U.S.D.C., N.D. Ill., Civil Action No. 06-2323 | * | |
| | * | |

**********************************************

**LONG BEACH'S OPPOSITION TO PLAINTIFFS' MOTION
FOR EXTENSION OF DEADLINE TO MOVE FOR SUMMARY JUDGMENT**

On July 31, 2008 – just one day before the Court's deadline to move for summary judgment – Plaintiffs filed a motion for extension of that deadline (Dkt. No. 64). In their motion, Plaintiffs fail to articulate any reasons that would support good cause for extending that deadline, as required by Federal Rule 6(b). Instead, Plaintiffs simply suggest that the Court cannot enter judgment on the merits of their class claim without having provided notice and opt-out rights to the class in the event that the Court grants Plaintiffs' pending motion for class certification. While that may be true, it does not relieve Plaintiffs from complying with Court-ordered *agreed* deadlines that have been in place for several months.

As set forth below, defendant Long Beach Mortgage Company ("Long Beach") requests that the Court deny Plaintiffs' motion for an extension.

1.     On January 15, 2008, this Court entered an Agreed Order on Case Management (Dkt. No. 17) that set a variety of deadlines that would govern this litigation.  For instance, the Agreed Order set a briefing schedule for a motion for class certification, which contemplated that the briefing on that motion would be complete by May 30, 2008.  *See* Agreed Order, Dkt. No. 17, ¶ IV.  The Agreed Order also set a fact discovery deadline of June 17, 2008 and further required that any summary judgment motions on the Family Rider class claim be filed on or before 45 days after the close of discovery (i.e., by August 1, 2008).  *See id.* at ¶¶ III, V.

2.     Thus, from the outset of this MDL class litigation, Plaintiffs knew that there was a two-month gap between the time that briefing would be complete on class certification and the time to move for summary judgment.

3.     As a result of delays in scheduling the depositions of the proposed class representatives, on May 9, 2008, this Court allowed a brief extension of the class certification briefing schedule.  *See* May 9, 2008 Minute Entry, Dkt. No. 34.  Consistent with that extension, Long Beach's opposition memorandum was filed on June 11 and Plaintiffs' reply brief was filed on July 1.  Because Plaintiffs revised their proposed class definition and withdrew two of the proposed class representatives in their reply brief, Long Beach was granted leave to file a sur-reply, which was filed on August 1.

4.     At no time during the briefing on class certification did Plaintiffs ever suggest to Long Beach or the Court that the summary judgment deadline would need to be extended until after the Court ruled on class certification.  In fact, Long Beach complied with that deadline and filed a motion for partial summary judgment on the individual Family Rider claims asserted by

each of the named Plaintiffs.  *See* Dkt. No. 42.  Long Beach's partial summary judgment motion has been fully briefed.

5.      In any event, on the eve of the August 1, 2008 summary judgment deadline, Plaintiffs filed their motion for an extension, contending that a ruling on class certification is necessary before Plaintiffs can move for summary judgment on their Family Rider claim. Plaintiffs' motion should be denied for several reasons.

6.      *First*, Plaintiffs have not shown good cause for an extension of the deadline, as required by Federal Rule 6(b)(1)(a).  Indeed, Plaintiffs' motion does not even mention Rule 6, much less purport to explain why they waited until the last minute before raising this issue with the Court or with Long Beach.

7.      *Second*, the reason offered by Plaintiffs is, at best, disingenuous.  At the time that the Agreed Case Management Order was entered in January 2008, Plaintiffs were well aware that there was only a two-month window of time between the close of briefing on class certification and the time to move for summary judgment on the Family Rider claim.  Thus, it was reasonably foreseeable that there would ***not*** be a class certification decision by the time of the August 1, 2008 summary judgment deadline.  Even if this were not reasonably foreseeable, it became an almost certainty when the class certification briefing was extended on May 9. Nevertheless, Plaintiffs waited until the day before their motion was due before asking this Court for an extension.  Plaintiffs should not be awarded for their dilatory behavior and their motion for an extension should be denied.

8.      Finally, that class members are entitled to receive notice and opt-out rights prior to a judgment on the merits does not relieve Plaintiffs of their obligation to move for summary judgment within the time set by this Court.  Had Plaintiffs complied with the deadline and filed a

summary judgment motion, they could have requested that the Court defer ruling on that motion until after the Court ruled on class certification.  Plaintiffs instead chose to wait until the last minute before even raising this issue.  Under such circumstances, Plaintiffs are not entitled to the requested extension.

## <u>CONCLUSION</u>

For the foregoing reasons, Long Beach respectfully requests that the Court deny Plaintiffs' motion for extension of the deadline to move for summary judgment.

Dated:  August 26, 2008                    Respectfully submitted,

                                           Washington Mutual Bank
                                           f/k/a Long Beach Mortgage Company


                                           By:     /s/ Gabriel A. Crowson_____
                                                   Matthew M. Neumeier
                                                   Scott T. Schutte
                                                   Gabriel A. Crowson
                                                   HOWREY LLP
                                                   321 N. Clark St. Suite 3400
                                                   Chicago, IL 60610
                                                   Telephone: (312) 595-1239
                                                   Fax: (312) 595-2250
                                                   Email: neumeierm@howrey.com
                                                           schuttes@howrey.com
                                                           crowsong@howrey.com

## CERTIFICATE OF SERVICE

I, Gabriel A. Crowson, hereby certify that a copy of the foregoing Long Beach's Opposition to Plaintiffs' Motion for Extension of Deadline to Move for Summary Judgment has been served on all counsel of record with the Clerk of the Court using the CM/ECF system on the 26th day of August, 2008.

/s/ Gabriel A. Crowson
Gabriel A. Crowson