IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT FAMILY RIDER LITIGATION | ) ) ) ) ) | MDL 07-cv-06543 |
| THIS DOCUMENT RELATES TO STINSON & SULLIVAN | ) ) ) ) | Centralized before Judge Wayne R. Andersen |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Albert Stinson and Charlene Sullivan, by and through their attorneys, respectfully move this Court for leave to file a three-page Response to Defendant's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification and to have it deemed filed *instanter*. A copy of their proposed Response is attached hereto as Appendix A. In support of their motion, plaintiffs state as follows:

1. Plaintiffs filed their motion for class certification on March 19, 2008. Long Beach filed its opposition to plaintiffs' motion on June 11, 2008. Plaintiffs filed their reply brief on July 1, 2008. Long Beach filed its sur-reply on August 1, 2008.

2. In its sur-reply, Long Beach raised the issue of numerosity for the first time. Plaintiffs move for leave to file a response to this sur-reply to address the issue of numerosity.

3. Additionally, defendant misstates the basis of the court's holding in *Peoples v. Sebring Capital Corp.*, No. 01 C 5676, 2002 U.S. Dist. LEXIS 4104 (N.D. Ill. March

1

15, 2002) (granting plaintiffs' motion to certify the class). Plaintiffs will briefly address this matter in their response.

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Response to Defendant's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, a copy of which is attached as <u>Appendix A</u>, (B) deeming the Response to Defendant's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification filed *instanter*, and (C) granting any further or other relief that the Court deems just.

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000
(708) 841-8080 (FAX)

CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG BEACH MORTGAGE COMPANY ) <br> TRUTH IN LENDING ACT FAMILY RIDER ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> STINSON & SULLIVAN ) <br> ) | MDL 07-cv-06543 <br><br><br><br><br> Centralized before Judge <br> Wayne R. Andersen |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUR-REPLY IN OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000
(708) 841-8080 (FAX)

CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## INTRODUCTION

Defendant's sur-reply does not address any "new or substantial issues and arguments raised in Plaintiffs' reply brief in support of class certification." Defendant's Motion to Set Evidentiary Hearing on Class Certification or, in the Alternative, Motion for Leave to File Sur-Reply ("Def. Mtn. for Leave to File Sur-Reply"), Doc. No. 53, p. 1. Defendant moved for leave to file a sur-reply in order to "clarify and address the issues raised by Plaintiffs' reply brief." *Id.* at p. 3, ¶ 5.

But rather than clarify or address these issues, Long Beach chooses to discuss matters related to summary judgment and restate arguments already on record. Counsel for defendant indicated in open court that a sur-reply (or evidentiary hearing) was necessary because of the proposed withdrawal of two named plaintiffs, but completely fails to address this matter. This merely underscores plaintiffs' point that Long Beach's attempt to set an evidentiary hearing was never more than subterfuge—an attempt to distract the court from the strength of plaintiffs' motion for class certification. *See* Plaintiffs' Response to Defendant's Motion to Set Evidentiary Hearing on Class Certification or, in the Alternative, Motion for Leave to File Sur-Reply, Doc. No. 56.

To the extent Long Beach's sur-reply raises any new issues, plaintiffs will briefly address those issues.

## ARGUMENT

### I. THE NEW PROPOSED CLASS DEFINITIONS REASONABLY LIMIT THE CLASSES TO LOANS OBTAINED FOR CONSUMER PURPOSES.

The entirety of defendant's argument regarding the new proposed class definitions

1

is devoted to summary judgment matters or arguments it already raised in its opposition brief, both of which are inappropriate in a sur-reply. Thus, plaintiffs will not belabor the matter, but rather direct the Court to §§ I and IV.A. of their reply brief. Plaintiffs' Reply in Support of Their Motion for Class Certification ("Plaintiffs' Reply Brief"), Doc. No. 51, pp. 2-3, 7-10.

## II.  PLAINTIFFS' NEW CLASS DEFINITIONS SATISFY THE REQUIREMENTS OF RULE 23(a).

### A.  Numerosity.

Defendant previously stipulated that there were at least 2,500 borrowers in the originally proposed class. Since then, plaintiffs have proposed a new class definition that is likely to reduce slightly the number of putative class members. Accordingly, plaintiffs will demonstrate that the new proposed class definition still meets the numerosity requirement of Rule 23.

Where a class numbers at least 40 members, joinder is generally considered impracticable. *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969). Attached are records for fifty-two borrowers of Long Beach mortgages that include the 1-4 Family Rider form document recorded for two-unit properties only in Cook County, Ill. during the time frame of the proposed class. (Exhibit A, Sample Putative Class Members).

No attempt was made to collect all such documents, merely a number greater than forty. The actual number is likely far greater. Furthermore, the proposed class covers forty-nine states, not just Cook County. Additionally, defendant has stipulated that it will provide a class list in the event that the Court certifies a class.

### B. Typicality.

Defendant offers no new arguments in response to plaintiff's reply other than references to summary judgment briefing, but simply restates its arguments from its class response brief. Accordingly, plaintiffs direct the Court to § II of their reply brief, which fully refutes defendant's argument. Plaintiffs' Reply Brief, pp. 3-4.

### III. COMMON QUESTIONS OF LAW AND FACT PREDOMINATE, SATISFYING RULE 23(b)(3).

Once again, defendant merely restates its arguments relating from its class response brief with one exception to be discussed briefly below, and continues to argue matters of summary judgment not relevant to the matter of class certification. Thus, plaintiffs simply direct the Court to § IV.A. of its reply brief. Plaintiffs' Reply Brief, pp. 7-10.

The court's decision regarding predominance in *Peoples v. Sebring Capital Corp.*, No. 01 C 5676, 2002 U.S. Dist. LEXIS 4104 (N.D. Ill. March 15, 2002) (granting plaintiffs' motion to certify the class), was not premised on the relatively small size of the class despite defendant's misstatement to the contrary (Long Beach's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, Doc. No. 66, p. 9). Rather, the court only discussed the size of the putative class relative to issues of numerosity. *Peoples* at *3-6, 9.

Respectfully Submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener